UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

WILL SITTON,

Plaintiff(s),

v.

LVMPD, et al.,

Defendant(s).

Case No. 2:17-CV-111 JCM (VCF)

ORDER

Presently before the court is defendants Jaqueline Bluth and Elissa Luzaich's motion for entry of final judgment. (ECF No. 115). Plaintiff Will Sitton ("plaintiff") filed a response (ECF No. 121), to which Bluth and Luzaich replied (ECF No. 126).

Also before the court is defendants David Ferrara, Wesley Juhl, and Las Vegas Review Journal's ("LVRJ") motion for entry of final judgment. (ECF No. 127). Plaintiff filed a response (ECF No. 129), to which defendants replied (ECF No. 130).

Also before the court is plaintiff's motion for enlargement of time to respond to Bluth and Luzaich's motion for entry of final judgment. (ECF No. 120). No response was filed, and the time to do so has passed.

Lastly before the court is plaintiff's motion for partial reconsideration. (ECF No. 122). Three separate responses were filed by defendants[1] (ECF Nos. 123, 124, 125), to which plaintiff replied (ECF No. 128).

. . .

---

[1] The first response was filed by defendants Bluth and Luzaich. (ECF No. 123). The second response was filed by defendants Baker, Cadet, Camp, Gardea, Hines, Mashore, Mendoza, Neville, Saavedra, Snowden, and Storey. (ECF No. 124). The third response was filed by defendants Ferrara and LVRJ. (ECF No. 125).

**James C. Mahan**
**U.S. District Judge**

## I. Background

Plaintiff initiated this § 1983 prisoner's civil rights action, *pro se*, on January 10, 2017. (ECF No. 1). The parties are already familiar with the underlying facts of this case. *See* (ECF No. 114). Therefore, the court need not recite them again herein. However, the court will explain the relevant procedural history of this case that has led to the instant motions.

On August 30, 2017, the court entered a screening order allowing plaintiff's claims 1–10 to proceed against defendants. (ECF No. 12). Thereafter, on July 30, 2018, the court entered an order addressing various defendants' separate motions to dismiss (ECF Nos. 21, 24, 28, 42, 74, 104), thereby dismissing plaintiff's second, third, fourth, sixth, seventh, eights, and tenth claims. (ECF No. 114). Now, in the instant motion for reconsideration, plaintiff asks the court to partially amend its previous order and reinstate his seventh and tenth claims. (ECF No. 122).

Plaintiff's seventh cause of action alleges excessive force against defendants Marquis Hines and Theodoros Snowden. (ECF No. 13); *see also* (ECF No. 12). In its order granting defendants' motions to dismiss, the court found that plaintiff's seventh claim was time-barred by the applicable statute of limitations. (ECF No. 114).

Plaintiff asserts his tenth cause of action alleging a state law claim for defamation against defendants Ferrara, Juhl, LVRJ, Luzaich, and Bluth. (ECF No. 13); *see also* (ECF No. 12). In its previous order granting defendants' motions to dismiss, the court found that it lacked subject matter jurisdiction over plaintiff's state law defamation claim, as the facts underlying that claim and plaintiff's federal law claims did not arise from the same "case or controversy." (ECF No. 114 at 12). *See Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 387 (1998). Therefore, the court reasoned, there exists no basis for the court to exercise supplemental jurisdiction over plaintiff's tenth claim. *Id.*

As a result of the foregoing, the court dismissed plaintiff's seventh and tenth claims. *See* (ECF No. 114). The instant motions pertain to those dismissed claims, which the court will now address.

. . .

. . .

James C. Mahan
U.S. District Judge

## II. Legal Standard

### a. Motion for reconsideration

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see* Fed. R. Civ. P. 60(b).

Rule 59(e) "permits a district court to reconsider and amend a previous order," however "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). A motion for reconsideration is also an improper vehicle "to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in litigation." *Marlyn Nutraceuticals*, 571 F.3d at 880.

### b. Motion for entry of final judgment

In general, circuit courts review only final orders and decisions of a district court. *See* 28 U.S.C. § 1295(a)(1). Rule 54(b) provides an exception, allowing district courts to certify a partial final judgment for the purpose of appeal by directing entry of final judgment as to one or more, but fewer than all, of the claims if the there is an express determination that there is no just reason for delay. *See* Fed. R. Civ. P. 54(b).

The Supreme Court has established a two-step process for district courts to determine whether certification of a claim in a multiple claims action under Rule 54(b) is warranted. *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7-8 (1980). First, the judgment must be final with respect to one or more claims. *See id.* A district court's judgment is final where it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945).

Second, district courts conduct a two-step analysis "to determine whether there is any just reason for delay." *Curtiss-Wright*, 446 U.S. at 8. In the first step, courts consider administrative

factors such as "the interrelationship of the claims so as to prevent piecemeal appeals." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 954 (9th Cir. 2006) (citation omitted). In the second step, courts assess the equities involved in the case. *Curtiss-Wright*, 446 U.S. at 8.

**III.     Discussion**

As a preliminary matter, the court will grant plaintiff's motion for enlargement of time to respond to Bluth and Luzaich's motion for entry of final judgment. (ECF No. 120). Local Rule 7-2(d) provides "The failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion." LR 7-2(d). As defendants have not filed an opposition to plaintiff's motion, the court will grant plaintiff's motion for enlargement of time and will consider plaintiff's opposition in ruling on Bluth and Luzaich's motion (ECF No. 123).

The court will now consider plaintiff's motion for partial reconsideration (ECF No. 122) and defendants' motions for entry of final judgment (ECF Nos. 115, 127) in turn.

> ***a.   Plaintiff's motion for partial reconsideration***
>
> > *i.   Plaintiff's seventh cause of action*

Plaintiff argues that his seventh claim should be reinstated because the court failed to consider his previous argument against dismissal on the grounds that the time he spent exhausting his administrative remedies tolled the applicable statute of limitations. (ECF No. 122 at 4–5). The court agrees.

Plaintiff raised his equitable tolling argument in his response to defendants Cadet, Neville, Saavedra, Camp, Mecham, Rohan, Senior, Sloan, and Snowden's motion to dismiss (ECF No. 24). (ECF No. 38). In that response, plaintiff argued that he spent 207 days of the limitations period pursuing administrative grievances related to his claims (including his seventh claim, which the court dismissed on statute of limitations grounds). *Id.* at 5–6. Therefore, plaintiff concluded, his seventh claim was initiated prior to the conclusion of the applicable limitations period. *Id.* at 6.

The statute of limitations applicable to civil rights claims under 42 U.S.C. § 1983 is that which applies to state law personal injury actions. *See Jones v. Blanas*, 393 F. 3d 918, 927 (9th

Cir. 2004); *McDougal v. County of Imperial*, 942 F.2d 668, 672 (9th Cir. 1991). When a state has multiple limitations periods for different injury claims, the residual limitations period applies to civil rights claims. *See Perez v. Seevers*, 869 F. 3d 425, 426 (9th Cir. 1989). Under, Nevada Revised Statute 11.190(4)(e), the residual limitations period for personal injury causes of action is two years. Therefore, in Nevada, the statute of limitations for civil rights claims pursuant to 42 U.S.C. § 1983 is two years. *See Chachas v. City of Ely*, 615 F. Supp. 2d 1193, 1202-03 (D. Nev. 2009). Under § 1983, a claim accrues when the plaintiff "knows or has reason to know of the injury which is the basis of the action." *See Cabrera v. City of Huntington Park*, 159 F. 3d 374, 379 (9th Cir. 1998).

The Ninth Circuit has held that "a prisoner may not proceed to federal court while exhausting administrative remedies." *Brown v. Valoff*, 422 F.3d 926, 942 (9th Cir. 2005) (emphasis omitted). However, "the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process." *Id.* at 943.

Defendants argue in their opposition to plaintiff's motion that plaintiff failed to set forth evidence of his exhaustion efforts, and therefore "fails to illustrate that he is entitled to equitable tolling." (ECF No. 124 at 6). However, as plaintiff correctly points out, defendants misstate plaintiff's burden with respect to his equitable tolling argument.

"The sole issue is whether the complaint, liberally construed in light of our 'notice pleading' system, adequately alleges facts showing the *potential* applicability of the equitable tolling doctrine." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1277 (9th Cir. 1993) (emphasis in original). "Thus, 'when a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'" *Id.* at 1275 (citing *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)).

Upon review of the face of plaintiff's complaint, the court finds that plaintiff's factual allegations do not inherently conflict with his argument in favor of equitable tolling. *See* (ECF No. 13). Thus, when "read with the required liberality," the court finds that the assertions made

in the complaint may "permit the plaintiff to prove that the statute was tolled." *See Cervantes*, 5 F.3d 1277–75.

Indeed, plaintiff asserts that the facts giving rise to his seventh cause of action occurred on July 23, 2014. *Id.* at 49. Without tolling, the last date upon which plaintiff could have initiated suit would have been July 23, 2016. *See Chachas*, 615 F. Supp. 2d at 1202–03. However, if the court counts the 207 days that plaintiff claims he spent exhausting his administrative remedies, the last date upon which plaintiff could initiate suit moves to February 15, 2017. Plaintiff brought this action to federal court on January 10, 2017. (ECF No. 1).

Therefore, the court finds that plaintiff may be able to establish the applicability of the equitable tolling doctrine for the duration of the time he spent exhausting his administrative remedies. Accordingly, the court will grant plaintiff's motion for partial reconsideration, in part, with respect to his seventh cause of action against defendants Hines and Snowden. *See School Dist. No. 1J*, 5 F.3d at 1263.

### ii. Plaintiff's tenth cause of action

Next, plaintiff argues that the court erred in its determination that it lacked subject matter jurisdiction over his tenth, state law claim for defamation of character. *Id.* at 2–3. Specifically, plaintiff asserts that his tenth cause of action is not a state law defamation claim, but rather a federal law claim for violation of his constitutional right to a fair trial under the Fourteenth Amendment. *Id.* Therefore, plaintiff argues, the court retains federal question jurisdiction over his tenth claim, notwithstanding the court's lack of supplemental jurisdiction over a state law-based interpretation of the claim. *Id.* at 4.

In their response, defendants Bluth and Luzaich counter plaintiff's argument by noting that plaintiff's complaint "does not identify that he was bringing suit in his tenth cause of action pursuant to Section 1983 . . . either in how he titled the claim or the narrative detail in support of the claim." (ECF No. 123 at 2). Moreover, defendants Ferrara and LVRJ argue in their separate response that plaintiff has waived his right to object to the court's interpretationof his tenth claim as a state law defamation claim. (ECF No. 125 at 7–8). Indeed, defendants argue, the court interpreted plaintiff's tenth claim as a state law claim in its August 30, 2017, screening order (ECF

1    No. 12), thereby putting plaintiff on notice that he would have to amend his complaint if he wished
2    to assert a federal law claim in his tenth cause of action. (ECF No. 25 at 8). The court agrees.

3    The Ninth Circuit has held that a motion for reconsideration may not be used as a vehicle by which a losing party raises arguments for the first time when they should have been raised earlier in litigation. *Marlyn Nutraceuticals*, 571 F.3d at 880; *see also Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000). Plaintiff had notice that the court interpreted his tenth cause of action as a state law defamation claim. *See* (ECF No. 12). If plaintiff wished to change course and assert a federal cause of action in his tenth claim, then plaintiff should have moved to amend his complaint at a time prior to dismissal.

10   Therefore, because plaintiff fails to meet his burden under the standards for a motion to reconsider, the court will deny plaintiff's motion as to this claim. *See School Dist. No. 1J*, 5 F.3d at 1263.

### b. *Defendants' motions for entry of judgment*

#### i. *Defendants Bluth and Luzaich's motion for entry of judgment*

In their motion, defendants Bluth and Luzaich argue that entry of final judgment in their favor is appropriate because they have a "well recognized interest in the prompt resolution of all immunity issues." (ECF No. 115 at 3). Further, these defendants assert that there are "no interlocking facts or issues between the claims and defenses relevant to the dismissed claims to the other non-related claims still pending." *Id.* Therefore, Bluth and Luzaich argue, there stands no chance that plaintiff's potential appeals will be improperly multiplied if the court grants their motion. *Id.* at 4. *See AmerisourceBergen Corp*., 465 F.3d at 954.

In his response, plaintiff makes several arguments against granting entry of final judgment as to defendants Bluth and Luzaich. First, plaintiff counters the argument that a "prompt resolution of all immunity issues" is appropriate by correctly noting that there are no immunity issues to be appealed, since the court dismissed his tenth cause of action against Bluth and Luzaich on jurisdictional grounds rather than qualified immunity grounds. (ECF No. 121 at 3). The court agrees. *See* (ECF No. 114).

Second, plaintiff argues that equity does not favor entry of final judgment, as granting Bluth and Luzaich's motion would burden plaintiff (a prisoner representing himself, *pro se*) and his ability to adequately prosecute an appeal concurrently with his present obligations to participate in discovery, file and respond to dispositive motions, and potentially conduct trial in the instant suit. (ECF No. 121 at 4). Moreover, plaintiff argues that granting Bluth and Luzaich's motion will likely result in multiple, separate appeals. *Id.* at 3.

The decision to enter final judgment pursuant to Rule 54(b) "is largely discretionary," and is "to be exercised in light of judicial administrative interests as well as the equities involved . . . and giving due weight to the historic federal policy against piecemeal appeals." *Reiter v. Cooper*, 507 U.S. 258, 265 (1993) (citations omitted). In light of this discretionary policy, the court finds that it can resolve Bluth and Luzaich's motion on the second step of the *Curtiss-Wright* test, which directs the court to consider the "equities involved in the case." *Curtiss-Wright*, 446 U.S. at 8.

Plaintiff is a prisoner who is representing himself, *pro se*. His ability to timely and adequately respond to motions filed, conduct discovery, and prepare for trial in the instant matter is necessarily hampered by his lack of resources while in prison. The court thus finds that it would be inequitable to leave plaintiff no choice but to commence an appeal while simultaneously litigating the instant suit. *See Curtiss-Wright*, 446 U.S. at 8. Furthermore, the court finds that defendants Bluth and Luzaich have presented no compelling reason to grant their motion other than their inherent interest in the "prompt resolution" of the claims against them.

Therefore, for the foregoing reasons, the court will deny Bluth and Luzaich's motion for entry of judgment.

### ii. *Defendants Ferrara, Juhl, and LVRJ's motion for entry of judgment*

Defendants' motion makes similar arguments in favor of entry of final judgment to those found in defendants Bluth and Luzaich's motion. *See* (ECF No. 127). Specifically, defendants assert that they have "an interest in prompt resolution of this dispute," and note that "there are no related issues of fact or law" between plaintiff's tenth claim and his surviving civil rights claims. *Id.* As defendants present no new arguments or controlling case law in support of their motion, the court will deny this motion for the same reasons it denied Bluth and Luzaich's motion.

James C. Mahan
U.S. District Judge

- 8 -

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants Jaqueline Bluth and Elissa Luzaich's motion for entry of final judgment (ECF No. 115) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendants David Ferrara, Wesley Juhl, and Las Vegas Review Journal's motion for entry of final judgment (ECF No. 127) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff Will Sitton's motion for partial reconsideration (ECF No. 122) be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing.

IT IS FURTHER ORDERED that plaintiff's motion for enlargement of time (ECF No. 120) be, and the same hereby is, GRANTED.

DATED December 13, 2018.

_____
UNITED STATES DISTRICT JUDGE