# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| WILL SITTON,<br><br>    Plaintiff,<br><br>vs.<br><br>LVMPD, *et al.*,<br><br>    Defendants. | Case No. 2:17-cv-00111-JCM-VCF<br><br>**REPORT AND RECOMMENDATION**<br><br>Motion to Amend [ECF No. 134] |

  Before the Court is Plaintiff Will Sitton's Motion for Leave to File First Amended Complaint. (ECF No. 134). For the reasons discussed below, Sitton's motion should be denied.

## BACKGROUND

  On January 10, 2017, Sitton filed his original complaint in this case. (ECF No. 1). As relevant to the motion now before the Court, Sitton's Count 10 asserted that Defendants Ferrara, Las Vegas Review Journal ("LVRJ"), Luzaich, Bluth, and Juhl published defamatory statements regarding Sitton. (ECF No. 13 at 93-94). The Court screened Sitton's complaint and held that "the state law claim [Count 10] may proceed based on supplemental jurisdiction." (ECF No. 12 at 17).

  Count 10 was subsequently dismissed for lack of jurisdiction. (ECF No. 114 at 8-9, 11-12). The Court found that the defamation claim "presents a question of state law that does not contain an embedded federal question" and does "not form the same 'case or controversy'" as Sitton's federal claims. (*Id.* at 11-12). Bluth, Luzaich, Ferrara, LVRJ, and Juhl were terminated from the case. (*Id.* at 15). The Court denied Sitton's motion to reconsider its ruling on Count 10, stating that, "If plaintiff wished to change

1



course and assert a federal cause of action in his tenth claim, then plaintiff should have moved to amend his complaint at a time prior to dismissal." (ECF No. 133 at 6-7).

Sitton now moves to amend his complaint to "more clearly clarify and assert independent federal claims against Bluth and Luzaich" to "again invoke federal question jurisdiction to provide supplemental jurisdiction over Bluth, Luzaich, Ferrara, Juhl and LVRJ respecting hist state-law defamation per se claim." (ECF No. 134 at 2-3). In his proposed amended complaint, Sitton now brings Count 4 against Bluth and Luzaich for violating his Eighth and Fourteenth Amendment rights and Court 5 against Ferrara, Juhl, and LVRJ for defamation. (ECF No. 134-1 at 15-17).[1] Sitton alleges that Bluth and Luzaich, both prosecutors with the Clark County District Attorney's Office, gave LVRJ journalists "unprivileged, extrajudicial interview[s]" that led to two news articles. (*Id.*). The articles contained false statements made during the interviews. (*Id.*). Sitton asserts that "the statements were intended to be published to the community ahead of Mr. Sitton's death penalty trial and taint the jury pool" and subjected Sitton to a substantial risk of physical harm and damaged reputation. (*Id.*).

Sitton argues "there is no evidence of bad faith, undue delay or futility" regarding his motion to amend. (ECF No. 134 at 3-4). In response, Bluth and Luzaich argue Sitton's proposed amendments are untimely and futile because Bluth and Luzaich are immune from Sitton's claims. (ECF No. 136 at 5-11). Ferrara, Juhl, and LVRJ argue the motion to amend has been unduly delayed and is futile. (ECF No. 137 at 5-11). While Sitton replied to Ferrara, Juhl, and LVRJ's response (ECF No. 138), Sitton did not reply to Bluth and Luzaich's arguments.

## ANALYSIS

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay,

---

[1] As the issues presented in Counts 4 and 5 are dispositive of the motion to amend, the Court does not find it necessary to evaluate the rest of the proposed amended complaint.

2

prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

The Court has concerns regarding the timing of Sitton's motion to amend and the potential prejudice it poses to the Defendants who have been terminated[2] from the case. These Defendants successfully litigated motions to dismiss and a motion for reconsideration, only for Sitton to now file a motion to amend. The Court previously noted that, "If plaintiff wished to change course and assert a federal cause of action in his tenth claim, then plaintiff should have moved to amend his complaint at a time prior to dismissal." (ECF No. 133 at 6-7). However, the Court finds the delay in filing the motion to amend, by itself, is not sufficient grounds to deny the motion to amend. *See Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).

"Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal." *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018). In considering whether a plaintiff can prove any set of facts in support of their claim, the Court may consider documents that are attached to the complaint or on which the complaint necessarily relies. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir.2006); *Durning v. First Bos. Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). "[T]he Court may disregard allegations [in the complaint] that are contradicted by the facts established by reference to documents attached as exhibits to the complaint." *Florio v. Vista Pac. Holdings*, No. 2:11-CV-01991-MMD, 2012 WL 3023265, at *3 (D. Nev. July 24, 2012) (citing *Durning v. First Boston Corp.*, 815 F.2d at 1267).

To determine whether Sitton's proposed amendments would be futile, it is only necessary for the Court to look to Count 4. Count 5 explicitly relies on Count 4 for the Court to have supplemental jurisdiction over Sitton's state law defamation claim. (ECF No. 134-1 at 17). Bluth and Luzaich argue

---

[2] Though the Defendants were terminated from the case, the Court denied their motions to enter final judgment in their favor. (ECF No. 133 at 7-8).

3

that Count 4 is subject to dismissal because they, as prosecutors, are immune from Sitton's claim. (ECF No. 136 at 6-11).

Prosecutors have absolute immunity from suits based on activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). This includes "statements made during litigation." *Bailey v. City Attorney's Office of N. Las Vegas*, No. 2:13-cv-343-JAD-CWH, 2015 WL 4506179, at *1 (D. Nev. July 23, 2015). However, prosecutors only have qualified immunity for statements made to the press outside the courtroom. *Buckley v. Fitzsimmons*, 509 U.S. 259, 276-77 (1993).

The Court finds that there is a contradiction between Sitton's assertions in Count 4 (ECF No. 134-1 at 15-16) and the news articles that they rely on (ECF Nos. 40-1, 40-2). These articles were considered by the Court in ruling on previous motions to dismiss (ECF No. 1114 at 8-9), and they are necessary to Sitton's proposed amended complaint. Sitton alleges in Count 4 that Bluth and Luzaich gave LVRJ journalists "unprivileged, extrajudicial interview[s]" that led to the articles. (ECF No. 134-1 at 15-16). However, the articles only reference in-court statements by Bluth and Luzaich and other in-court observations, such as what the jury concluded in determining Sitton's sentence. (ECF Nos. 40-1, 40-2). The articles relate to testimony during Sitton's trial, the prosecutor's statements regarding Sitton's possible sentence, and statements made during Sitton's sentencing. (*Id.*). In addition, though Sitton asserts the prosecutor's "statements were intended to be published to the community ahead of Mr. Sitton's death penalty trial and taint the jury pool" (ECF No. 134-1 at 15), the articles clearly state that Sitton's trial was already proceeding at the time they were published (ECF Nos. 40-1, 40-2).

The Court may disregard Sitton's allegations that are contradicted by the news articles. Based on the news articles that form the basis for Count 4, Sitton cannot state a claim for relief against Bluth and Luzaich. While Bluth and Luzaich would only have qualified immunity for statements made to the press outside of the courtroom, they are absolutely immune from suit based on statements made during

4

litigation. Therefore, allowing Sitton to amend his complaint to include Count 4 would be futile. Count 5 would also be subject to dismissal, as there is no supplemental jurisdiction over a state law defamation claim without the federal claim against Bluth and Luzaich. Therefore, Sitton's motion to amend should be denied.

Accordingly, and for good cause shown,

IT IS HEREBY RECOMMENDED that Sitton's Motion for Leave to File First Amended Complaint (ECF No. 134) be DENIED.

## NOTICE

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. (See *Thomas v. Arn*, 474 U.S. 140, 142 (1985)). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. (See *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983)).

Pursuant to LSR 2-2, the Plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. Failure to comply with this Rule may result in dismissal of the action. (See LSR 2-2).

DATED this 30th day of January, 2019.

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE