UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WILL SITTON,<br><br>　　　　　Plaintiff(s),<br><br>　v.<br><br>LVMPD, et al.,<br><br>　　　　　Defendant(s). | Case No. 2:17-CV-111 JCM (VCF)<br><br>ORDER |

Presently before the court is Magistrate Judge Ferenbach's report and recommendation ("R&R"). (ECF No. 139). *Pro se* plaintiff Will Sitton ("Sitton") filed an objection to the R&R (ECF No. 140). Defendants have not filed a response to plaintiff's objection, and the time to do so has passed.

Also before the court is Sitton's motion for leave to file first amended complaint. (ECF No. 134). Defendants Jaqueline Bluth, Elissa Luzaich, David Farrara, Wesley Juhl, and Las Vegas Review Journal ("LVRJ") filed two separate responses (ECF Nos. 136, 137), to which Sitton replied (ECF No. 138).

**I.　Facts**

Sitton does not object to the factual presentation in the R&R. *See* (ECF No. 140). Therefore, the court adopts the facts as stated in the R&R and will detail factual and procedural background in the discussion section of this order as necessary to explain the court's holding.

**II.　Legal Standard**

A party may file specific written objections to the findings and recommendations of a United States magistrate judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); LR IB 3-2. Where a party timely objects to a magistrate judge's report and recommendation, the

**James C. Mahan**
**U.S. District Judge**

court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id*.

Pursuant to Local Rule IB 3-2(a), a party may object to the report and recommendation of a magistrate judge within fourteen (14) days from the date of service of the findings and recommendations. Similarly, Local Rule 7-2 provides that a party must file an opposition to a motion within fourteen (14) days after service of the motion.

**III.    Discussion**

In his R&R, Magistrate Judge Ferenbach recommends that Sitton's motion for leave to file an amended complaint be denied. (ECF No. 139). In evaluating the sufficiency of Sitton's motion and proposed amended complaint ("PAC") under the standard set forth in *Johnson v. Buckley*, Magistrate Judge Ferenbach notes that allowing plaintiff to amend his complaint would be futile. *Id. See Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) ("Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint.").

Specifically, the R&R states that count four of Sitton's PAC is futile because it asserts a constitutional defamation claim against defendants Bluth and Luzaich, the prosecutors in the criminal case to which Sitton was the defendant, for the allegedly defamatory statements they made to the LVRJ during Sitton's trial. (ECF No. 139 at 3–4). As Magistrate Judge Ferenbach correctly notes, "prosecutors have absolute immunity from suits based on activities intimately associated with the judicial phase of the criminal process," which includes statements made during litigation. *Id.* at 4 (internal quotations omitted). *See Imbler v. Pachtman,* 424 U.S. 409, 430–31 (1976); *Bailey v. City Attorney's Office of N. Las Vegas,* No. 2:13-cv-343-JAD-CWH, 2015 WL 4506179, at *1 (D. Nev. July 23, 2015).

Moreover, the R&R states that the fifth claim in Sitton's PAC (a state-law defamation claim) is also futile because the court's supplemental jurisdiction over that claim depends on its

jurisdiction over the fourth claim of the PAC.[1] (ECF No. 139 at 3). Magistrate Judge Ferenbach reasons that, because the court would have no choice but to dismiss count four of Sitton's PAC based on prosecutorial immunity, the court would also have to dismiss count five for lack of supplemental jurisdiction. *See* 28 U.S.C. § 1367 ("[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."). Accordingly, Magistrate Judge Ferenbach recommends that Sitton's motion be denied, as allowing these claims to proceed would be futile.

Sitton "partially" objects to the R&R, arguing that Magistrate Judge Ferenbach should have considered the sufficiency of the first three claims of the PAC, rather than focusing on the futility of claims four and five. (ECF No. 140). However, Sitton's objection fails for two reasons.

First, the court cannot dissect a proposed amended complaint, keeping only the claims that are not futile. When the court grants a motion to amend complaint, the movant's proposed amended complaint supplants the previous complaint in its entirety. Therefore, although some of Sitton's proposed claims may survive a motion to dismiss, the court is unable to ignore the futility of his fourth and fifth claims. *See Johnson,* 356 F.3d at 1077.

Second, the court agrees with Magistrate Judge Ferenbach that allowing these futile claims to proceed would unduly prejudice defendants Bluth and Luzaich, as these defendants have already "successfully litigated motions to dismiss and a motion for reconsideration," and have been terminated from this action. (ECF No. 139). The court will not allow Sitton to file an amended complaint that would hail these defendants back to court to defend against claims the court has already determined are futile.

Accordingly, the court hereby adopts Magistrate Judge Ferenbach's R&R in its entirety and will deny Sitton's motion for leave to amend complaint.

. . .

. . .

---

[1] Without the PAC's fourth claim, which arises under federal law, there would be no factual nexus upon which the court could exercise supplemental jurisdiction over Sitton's state-law defamation claim. *See* 28 U.S.C. § 1367.

**James C. Mahan**
**U.S. District Judge**

- 3 -

**IV.	Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Magistrate Judge Ferenbach's R&R (ECF No. 139) be, and the same hereby are, ADOPTED.

IT IS FURTHER ORDERED that Sitton's motion for leave to amend complaint (ECF No. 134) be, and the same hereby is, DENIED without prejudice.

DATED June 18, 2019.

	_____
	UNITED STATES DISTRICT JUDGE