# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

WILL SITTON,

        Plaintiff,

vs.

LVMPD, et al.,

        Defendant.

Case No. 2:17-cv-00111-JCM-VCF

**ORDER**

Motion to Amend [ECF No. 147]

Before the court is Plaintiff Will Sitton's Motion for Leave to File First Amended Complaint. (ECF No. 147). Defendants have not filed a response. For the reasons discussed below, Plaintiff's motion is denied.

## BACKGROUND

On January 10, 2017, Plaintiff filed his original complaint in this case. (ECF No. 1). The Screening Order allowed the following claims to proceed against a total of twenty-eight named defendants: (1) a portion of Count I alleging due process claims against Defendants Neville, Baker, Camp, Mowery, Mashore, Gardea, Cadet, Saavedra, Sands, Dumer; (2) a portion of Count I alleging conditions of confinement claims against Doe officers; (3) a portion of Count I alleging excessive force against Defendant Gardea; (4) a portion of Count II alleging excessive force claims against Defendant Sloan and Rohan; (5) Count III alleging excessive force claims against Defendants Mecham, Cera, and Doe officers; (6) a portion of Count IV alleging excessive force against Defendant Billingsley; (7) Count V alleging mail violations against Defendant Storey; (8) Count VI alleging excessive force claims

against Defendant Senior; (9) Count VII alleging excessive force claims against Defendants Snowden and Hines; (10) Count VIII alleging excessive force claims against Defendants Bean, Yuzon, Smith and Doe officers; (11) Count IX alleging deliberate indifference to serious medical needs against NaphCare; and (12) Count X alleging a state law claim against Defendants Ferrera, Juhl, Las Vegas Review Journal, Luzaich, and Bluth. (ECF No. 12). On September 25, 2017, Plaintiff moved the Court to allow Plaintiff's third cause of action alleging excessive force claims to proceed against Defendant Mendoza. (ECF No. 15). The Court granted the motion on October 27, 2017. (ECF No. 16).

Various motions to dismiss were filed by multiple defendants and on July 30, 2018, the Court dismissed Plaintiff's second, third, fourth, sixth, seventh, eighth, and tenth claims. (ECF No. 114). Plaintiff's ninth claim was partially dismissed. (ECF No. 114). Plaintiff filed a motion for reconsideration to reinstate his seventh and tenth claims. (ECF No. 122). This Court granted, in part, with regards to the seventh claim against Defendants Snowden and Hines, finding that Plaintiff may be able to establish the applicability of the equitable tolling doctrine for the duration of the time spent exhausting his equitable remedies. (ECF No. 133 at 6, 9). The Court denied Plaintiff's motion as to the tenth claim. (ECF No. 133 at 7).

Plaintiff Sitton now moves to amend his complaint to "adequately reflect the current posture of the claims and parties and eliminate the previously dismissed parties." (ECF No. 147 at 2).

The following claims are currently at issue against the following Defendants:

(1) Count One alleging:
    a. due process claims against Defendants Neville, Baker, Camp, Mowery, Mashore, Gardea, Cadet, Saavedra, Sands, and Dumer
    b. conditions of confinement claims against Doe officers
    c. excessive force claims against Defendant Gardea

(2) Count Five – alleging mail violations against Defendant Storey

(3) Count Seven – alleging excessive force against Defendants Hines and Snowden

(4) Count Nine – claims not barred by applicable statute of limitations alleging deliberate indifference to serious medical needs against Defendant NaphCare.

**ANALYSIS**

Plaintiff's Proposed Amended Complaint asserts his claims against Defendants Snowden and Hines for violating his Fourteenth Amendment Right to Due Process of Law in Counts I and II but does not provide any set of facts in support of his Count I claim against Defendants Snowden and Hines. (ECF No. 147 at 6, 11-12). Count I fails to contain a short and plain statement of the claim showing that the pleader is entitled to relief as required by Rule 8(a)(2) of the Federal Rules of Civil Procedure.

A plaintiff's obligations to provide the grounds of this "entitlement of relief" requires more than labels and conclusions . . . factual allegations must be enough to raise a right to relief above a speculative level. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1959 (2007). Legal conclusions must be supported by factual allegations and a court should assume the veracity of well-pleaded factual allegations. Mere conclusions are not entitled to an assumption of truth. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1940-1941 (2009).

Leave to amend should be 'freely given' in the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. *Foman v. Davis*, 83 S.Ct. 227, 230 (1962). A motion for leave to amend is "futile" if the complaint, as amended, would fail to state a claim upon which leave can be granted. *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018).

Here, although Plaintiff's Proposed Amended Complaint resolves a deficiency in the docket by adding Defendant Snowden as an active defendant pursuant to the Court's Order dated December 13, 2019, the Court is unable to ignore the futility in his first claim as to Defendants Snowden and Hines.

**CONCLUSION**

IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 147) is DENIED.

The clerk is directed to update the docket to accurately reflect the active defendants consistent with this Order, and to terminate from the docket Defendants Mowery, Sands, and Dumer consistent with Count I of Plaintiff's Proposed Amended Complaint (Exh. 1 of ECF 147).

DATED this 4th day of October, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE