# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

WILL SITTON,

          Plaintiff,

vs.

LVMPD, *et al.*,

          Defendants.

Case No. 2:17-cv-00111-JCM-VCF

**ORDER**

Motion to Extend Time [ECF No. 151]; Motion to Extend Time [ECF No. 155]; Motion to Extend Time [ECF No. 161]; Motion for Reconsideration [ECF No. 165]; Motion to Stay [ECF No. 177]

Before the Court are plaintiff Will Sitton's motions[1] to extend time (ECF Nos. 161), for reconsideration (ECF No. 165), and to stay (ECF No. 177). Also before the Court are defendant NaphCare Medical's motion to extend time (ECF Nos. 151) and the defendants' joint motion to extend time. (ECF No. 155).

The Court grants NaphCare's motion to extend time (ECF No. 151). The Court grants in part all the other motions listed above. (ECF Nos. 155, 161, 165, and 177).

## I.  Background

Plaintiff Will Sitton is a pro se plaintiff, he is currently incarcerated. Plaintiff brings claims pursuant to 42 U.S.C. Section 1983 against multiple defendants for violations of his constitutional rights. (ECF No. 13). Plaintiff filed multiple discovery motions and the parties have all sought extensions on discovery.

//

---

[1] Also pending before the Court are the plaintiff's motions to compel (ECF Nos. 159 and 172). The Court will issue a separate order regarding these motions.

1

**II. Discussion**

    **a. The Motions to Extend Time**

        **i. NaphCare's Motion to Extend Time**

On October 10, 2019, defendant Naphcare filed its motion for a 14-day extension of time (ECF No. 151) to respond to plaintiff's motion to compel (ECF No. 149). Naphcare filed its response within the requested 14-day window. (ECF No. 153). Although the Court previously denied plaintiff's motion to compel without prejudice (ECF No. 158), for clarity of the record, the Court grants Naphcare's motion for an extension of time to respond.

        **ii. The Parties' Motions to Extend Discovery**

On November 7, 2019, the defendants filed a joint motion to extend discovery. (ECF No. 155 at 3). On December 13, 2019, plaintiff also filed a motion asking the Court to extend discovery. (ECF No. 161). Local Rule 26-4 states that, "[a] motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect." In evaluating excusable neglect, the court considers the following factors: (1) the reason for the delay and whether it was in the reasonable control of the moving party; (2) whether the moving party acted in good faith; (3) the length of the delay and its potential impact on the proceedings and (4) the danger of prejudice to the nonmoving party. See *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 385 (1993).

The defendants filed their joint motion to extend discovery on the day of the expert disclosure deadline and plaintiff filed his motion after the expert disclosure deadline, but the Court finds that the parties demonstrated both good cause and excusable neglect for the delay. All the parties submit that discovery has been voluminous in this case. (ECF No. 155 at 4-5). For example, plaintiff has been

incarcerated for six years and defendants have had to review years of grievances and requests for medical services. (*Id.*) Plaintiff is self-represented, and he also needs more time to take discovery to help prove his claims. (ECF No. 161). All the parties have acted in good faith to extend the discovery deadlines. A further extension of discovery is also warranted here given the current national emergency regarding the COVID-19 pandemic, because obtaining discovery virtually or via video may take more time. Neither party will be prejudiced by this delay because all parties state they need additional discovery, and courts prefer to hear cases on the merits. The Court therefore extends the discovery deadlines below:

| **Activity** | **Current Deadline** | **New Deadline** |
|---|---|---|
| Discovery Cut-Off | January 6, 2020 | July 31, 2020 |
| Expert Disclosure | November 7, 2019 | May 29, 2020 |
| Rebuttal Expert Disclosure | December 9, 2019 | June 30, 2020 |
| Dispositive Motions | February 5, 2020 | August 31, 2020 |
| Pretrial Order | March 6, 2020 | September 30, 2020[2] |

### b. Plaintiff's Motion for Reconsideration

Plaintiff also moves the Court to reconsider (ECF No. 165) its order denying his motion to compel. (See ECF No. 158, denying ECF No. 149). The Court denied the motion to compel without prejudice because plaintiff redacted multiple requests for production of documents so the Court could not analyze the requests. (ECF No. 158 at 2). The Court noted that the local rules require that parties file unredacted requests under seal with a motion for leave to file under seal. (*Id.*). Plaintiff explains in his motion for reconsideration that he does not have access to a word processer, so he attached defendants' responses and marked out the requests that were not at issue, meaning the "redacted" requests are not at

---

[2] If dispositive motions are pending, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order.

issue. (ECF No. 165 at 3). The defendants argue that plaintiff's request for reconsideration is late and after the close of discovery. (ECF No. 171 at 4). Plaintiff argues in his reply that both parties sought an extension of the discovery deadlines, that his request for reconsideration is not an objection, and that the defendants will not be prejudiced because they previously filed a response (ECF No. 153) to his motion to compel regarding the "unredacted" discovery requests. (See ECF No. 173).

"A document filed pro se is 'to be liberally construed'" and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1194 (D. Nev. 2003).

The plaintiff's argument that he does not have access to a word processor and that the Court misconstrued his marked-out requests as redactions is well taken. The Court finds it is manifestly unjust to deny plaintiff's motion (ECF No. 149) in its entirety due to plaintiff's restrictions while incarcerated and given that the Court must construe pro se filings liberally. The Court grants plaintiff's motion for reconsideration in part: the Court will consider the unredacted requests plaintiff brings to the Court's attention in his motion to compel (ECF No. 149) and issue a separate order regarding the motion.

### c. Plaintiff's Motion to Stay

"Rule 56(d) offers relief to a litigant who, faced with a summary judgment motion, shows the court by affidavit or declaration that 'it cannot present facts essential to justify its opposition.'" *Michelman v. Lincoln Nat'l Life Ins. Co.*, 685 F.3d 887, 899 (9th Cir. 2012) (quoting Rule 56(d)). A party seeking Rule 56(d) relief bears the burden of showing that "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan*

*Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). When confronted with a Rule 56(d) motion, the Court may "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). Whether to grant relief under this rule lies within the Court's discretion. *Burlington N. Santa Fe R. Co.*, 323 F.3d at 773.

Plaintiff argues in his motion to stay that he needs additional discovery to respond to the defendants' motion for summary judgment. (ECF No. 177 at 2). Plaintiff points out that all the parties asked the Court for extensions of time to complete discovery because all parties need additional discovery. (*Id.*) Plaintiff also argues that his motions to compel are still pending and he argues he needs the discovery he seeks to compel to respond to the motion for summary judgment. (*Id.*) The defendants argue that plaintiff's motion to stay is a "disguised motion to reopen discovery." (ECF No. 180 at 7). Plaintiff argues in his reply that because his motions to compel are still pending, he may "invoke Rule 56(d)". (ECF No. 182 at 2).

While plaintiff's motion to stay does not have an attached declaration, the motion to stay is hand-written and plaintiff signed his name at the bottom of the motion. Construing the motion liberally it appears that plaintiff believes that the discovery he seeks is essential to respond to the motion for summary judgment, which is evidenced by plaintiff's pending motions to extend time and the potential issues of fact plaintiff raises in his motions to compel. The Court has now granted the parties' pending motions for extensions and extended the discovery deadlines. The Court has the discretion to order appropriate relief pursuant to Rule 56(d). The Court thus stays briefing on the motion for summary judgment: plaintiff need not respond to the defendants' motion for summary judgment until August 31, 2020.

ACCORDINGLY,

IT IS ORDERED that defendant NaphCare Medical's motion to extend time (ECF No. 151) is GRANTED.

IT IS FURTHER ORDERED that the defendants' joint motion to extend the discovery plan and scheduling order (ECF No. 155) and plaintiff's motion to extend the discovery plan and scheduling order (ECF No. 161) are GRANTED IN PART to the extent that discovery is extended as follows:

    a) The discovery cut-off deadline is July 31, 2020;

    b) The expert disclosure deadline is May 29, 2020;

    c) The rebuttal expert disclosure deadline is June 30, 2020;

    d) The dispositive motions deadline is August 31, 2020; and

    e) The pretrial order deadline is September 30, 2020. If dispositive motions are pending, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order.

IT IS FURTHER ORDERED that plaintiff's motion for reconsideration (ECF No. 165) is GRANTED IN PART: the Court will reconsider plaintiff's motion to compel (ECF No. 149) and issue a separate order.

IT IS FURTHER ORDERED that plaintiff's motion to stay (ECF No. 177) is GRANTED IN PART: briefing on the motions for summary judgment (ECF Nos. 166 and 168) is stayed and plaintiff has until August 31, 2020 to respond to the defendants' motions for summary judgment.

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues

waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

IT IS SO ORDERED.

DATED this 31st day of March 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE