# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

WILL SITTON,

          Plaintiff,

vs.

LVMPD, *et al.*,

          Defendants.

Case No. 2:17-cv-00111-JCM-VCF

**ORDER**

Motion to Compel [ECF No. 149]; Motion to Compel [ECF No. 159]; Motion to Compel [ECF No. 172]

      Before the Court are plaintiff Will Sitton's motions to compel (ECF Nos. 149, 159, and 172). The Court previously denied one of the motions to compel (ECF No. 149) but granted plaintiff's motion for reconsideration in part (ECF No. 183). The Court grants all three motions in part. (ECF Nos. 149, 159, and 172).

**I.  Background**

      Plaintiff Will Sitton is a pro se plaintiff, he is currently incarcerated. Plaintiff brings claims pursuant to 42 U.S.C. Section 1983 against multiple defendants for violations of his constitutional rights. (ECF No. 13). Plaintiff filed three motions to compel.

**II.  Discussion**

      **a.  Legal Standard**

      Federal Rule of Civil Procedure 26(b)(l) provides that, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P 26(b)(1). The rule identifies six factors regarding proportionality: (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative

access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) and whether the burden and expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P 26(b)(1). The rule also states that, "[i]nformation within the scope of discovery need not be admissible in evidence to be discoverable." *Id.* The goal of Rule 26 is, "to secure the just, speedy, and inexpensive determination of every action and proceeding." *Roberts v. Clark County School District*, 312 F.R.D. 594, 601-04 (D. Nev. 2016). "A document filed pro se is 'to be liberally construed'" and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The party opposing discovery has the burden of showing that it is irrelevant, over broad, or unduly burdensome. *Fosbre v. Las Vegas Sands Corp.*, 2016 U.S. Dist. LEXIS 1073, 2016 WL 54202, at 4 (D. Nev. Jan. 5, 2016). The objecting party must specifically detail the reasons why each request is objectionable. *Id.* Those opposing discovery are "required to carry a heavy burden of showing" why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). Proper objections "show" or "specifically detail" why the disputed discovery request is improper. *Id.* "Boilerplate, generalized objections are inadequate and tantamount to making no objection at all." *Caballero v. Bodega Latina Corp.,* No. 2:17-cv-00236-JAD-VCF, 2017 U.S. Dist. LEXIS 116869, at 24 (D. Nev. July 24, 2017) (internal citation omitted). Objections to written discovery, "even bald and generic ones, still activate part one of the analysis, requiring some evidence that the requests are not frivolous." *Rivera v. Dhl Glob. Forwarding*, 272 F.R.D. 50, 53 (D.P.R. 2011). District courts have broad discretion in controlling discovery. See *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). When considering a motion to compel, courts have broad discretion in determining relevancy for discovery purposes. *Surfvivor Media, Inc. v. Survivor Productions*, 406 F.3d 625, 635 (9th Cir. 2005) (citing *Hallett*, 296 F.3d at 751).

**b. Motion to Compel (ECF No. 149)**

On July 22, 2019, Sitton served defendant Naphcare with 41 requests for production of documents ("Request"). (ECF No. 149 at 2). Sitton states that Naphcare only produced one document and asserted boilerplate objections to the rest of the Requests. (*Id.*). Sitton alleges that Naphcare had a standard practice of delaying and denying medical care to inmates. (*Id.*, citing to ECF No. 12 at 15-17).[1] Naphcare argues that Sitton seeks records prior to 2015 that are time barred, and that Sitton seeks overly broad and intrusive information from Naphcare that is not in proportion to the needs of the case or are irrelevant to plaintiff's claims. (ECF No. 153 at 8-9). Naphcare argues that it provided over 1,000 documents to Sitton as part of its initial disclosures (ECF No. 153 at 19), but Sitton informs the Court in his reply that Naphcare did not provide Sitton any initial disclosures until after he filed the motion to compel (ECF No. 157 at 1-2).

The documents plaintiff seeks fall into five categories: (1) Request Nos. 5, 8, 9, 10, 15, 16, 29, 30, 32, 36, 37, and 38 relate to training and policy documents; (2) Request Nos. 6, 7, 17, 19, 20, 21, 22, 23, and 24 seek documents relating to Naphcare's financial records; (3) Request Nos. 25, 28, and 31 seek documents related to Naphcare employees; (4) Request Nos. 11, 14, 33, 34, 35, 39, 40, and 41 seek documents that Naphcare alleges it already produced; and (5) Request Nos. 12 and 13 seek documents that Naphcare alleges are irrelevant.

**1. Naphcare Training and Policy Documents**

Sitton's Request Nos. 5, 8, 9, 10, 15, 16, 29, 30, 32, 36, 37, and 38 seek documents that relate to Naphcare's training and policy documents. Naphcare notes that plaintiff's surviving claims against it are for municipal liability under 42 U.S.C. §1983. (ECF No. 153 at 11). For municipal liability, the plaintiff must establish the municipality had in effect a policy, practice, or custom that inflicted injury on the

---

[1] This Court dismissed plaintiff's claims that were time-barred: claims dated after January 10, 2015. (ECF No. 114).

plaintiff. *Monell v. Dep't of Soc. Services,* 436 U.S. 658, 690-91 (1978); *City of Canton v. Harris,* 489 U.S. 378, 385 (1989). A plaintiff, "may prove a municipal policy was the moving force behind a constitutional violation in three ways: (1) the municipality adopted an express policy; (2) a municipal employee commits a constitutional violation pursuant to the municipality's longstanding practice or custom; or (3) the person causing the violation has final policymaking authority." *Neal-Lomax v. Las Vegas Metro. Police Dep't*, 574 F. Supp. 2d 1170, 1175 (D. Nev. 2008). "A pattern of tortious conduct by inadequately trained employees may show inadequate training is the moving force behind a plaintiff's injury." *Id.*

### A.    Request Nos. 5 and 16

The Court will not reproduce every Request herein, but Request No. 5 indented below is reproduced in its entirety.

> REQUEST NO. 5:
> The training manuals, policies, memorandum, rules, procedures, protocols, standards, bulletins and or other equivalent documents, including Electronically Stored Information ("ESI"), generated by or on behalf of Naphcare, Inc., relating to the provision of inmate medical care, including but not limited to, the nature, degree, scope of services and or extent of medical care provided to inmates, utilized between January 1, 2014 and January 1, 2017.

Sitton also sought training manuals for healthcare workers in a similar Request (Request No. 16). Naphcare responded to both Request Nos. 5 and 16 with this exact response:

> RESPONSE TO REQUEST NO[s. 5 and 16]:
> Objection. The Request seeks information that is not reasonably related to any claim or defense and there is no reason to go beyond the scope of discovery as defined in Fed.R.Civ.P. 26(b). The Request is also grossly overbroad and not properly limited as to scope and time. There are no claims in this matter relating to Naphcare, Inc.'s training. See Screening Order dated August 30, 2017 [ECF No. 12].

Naphcare's objection that the request is overbroad is improper because it did not specify the nature of the burden or provide a specific explanation as to why it could not produce any documents.

4

Naphcare's objection here is bald, but this does not automatically entitle the plaintiff to answers, because the Court must ensure that the discovery Requests are not frivolous.

Plaintiff's Request Nos. 5 and 16 appear to be relevant to Sitton's municipal liability claim. Sitton must establish a policy, practice, or custom, thus discovery regarding policies and training are proper discovery topics for municipal liability. Naphcare's argument that it need not produce any documents dated prior to January 1, 2015 (the statute of limitations deadline) is also unavailing because a one year look back period is limited in scope and is proportional to plaintiff's claim that Naphcare has engaged in a pattern of constitutional violations. While the documents may not ultimately be admissible, they are discoverable. Naphcare's refusal to produce any documents in response to these Requests was improper. Naphcare must produce documents in response to Request Nos. 5 and 16.

### B.      Request Nos. 8, 9, 10, 29, and 32

Plaintiff's request Nos. 8 and 9 state:

> REQUEST NO. 8:
> The policies, practices, procedures, memorandums and other documents, including ESI, generated by Naphcare, Inc., relating to the provision of medical care to inmates effective between January 1, 2014 and January 1, 2017.
>
> REQUEST NO. 9:
> The policies, practices, procedures, memorandums and other documents, including ESI, generated by Naphcare, Inc., relating to the method, nature, basis, reasons for, scope and extent of medical care offered or available to inmates effective between January 1, 2014 and January 1, 2017.

Naphcare served the following objection in response to both Request Nos. 8 and 9:

> Objection. The Request is grossly overbroad and not properly limited as to scope and time as to any existing claim or defense in this matter. Should Plaintiff properly limit the scope of the Request pursuant to Fed.R.Civ.P. 26(b) and 34, Defendant will supplement this Response accordingly.

Naphcare's objections are boilerplate because neither objection specifies why the Requests are overbroad, and its refusal to produce any documents in response are improper. Sitton's Requests, if

anything, appear to be somewhat duplicative of each other rather than overbroad. Sitton's Request Nos. 8 and 9 seek written training and policy material related to inmate care. These Requests are not frivolous. Written training and policy materials, limited in time to materials between January 1, 2014 and January 1, 2017 ("2014-2017"), are relevant and proportional to Sitton's municipal liability claims. Naphcare must respond to Sitton's Request Nos. 8 and 9.

Sitton's Request No. 10 seeks copies of training manuals related to Naphcare's insurance policies from 2014 to 2017. Naphcare objects that this Request is irrelevant. The Court agrees that Request No. 10 appears irrelevant to Sitton's claims because Naphcare's insurance carriers are third parties unrelated to this litigation. Using the liberal pleading standard afforded to pro se litigants, the Court looks to Rule 26(a)(1)(A)(iv), which states that, "under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment" must be provided in a party's initial disclosures. Sitton informed the Court that Naphcare did not make any initial disclosures until he filed this motion. The Court thus interprets and limits Sitton's Request No. 10 as a request to provide the Naphcare's insurance agreement, as described in Rule 26, to Sitton, if Naphcare has not already. Other than Naphcare's initial disclosure obligations, the Court sustains its objection to Request No. 10.

Sitton's Request No. 29 seeks copies of written policies, procedures, statements, memorandums and documents regarding what medical treatment, including physical therapy, Naphcare did not provide to inmates during the 2014-2017 time period. Naphcare's objection, that the request is irrelevant, overbroad, and not limited in time and scope is unavailing because the request is relevant and limited in time and scope to Sitton's municipal liability claim. Naphcare must produce documents responsive to Request No. 29.

Sitton's Request No. 32 also deals with Naphcare's policies, it states:

REQUEST NO. 32:
The pain management and medication issuance for pain policy(s), practice(s), manual(s) and document(s) generated by Naphcare, Inc. in relation to the provision of medical care of CCDC effective between January 1, 2014 and January 1, 2017.

Naphcare objects on the basis that the request is vague and ambiguous, may violate HIPAA, overbroad, irrelevant, and not properly limited in scope and time. The Court agrees with Naphcare's objection that the Request is vague and ambiguous. Naphcare's objection to Request No. 32 is sustained.

### C. Request Nos. 15, 30, and 36

Sitton's Request No. 15 seeks copies of agreements or contracts between Naphcare and any healthcare worker (doctor or dentist) that is "off-site" limited to January 1, 2014 through January 1, 2017. Naphcare objects based on the Request being irrelevant, overbroad, and not limited in time and scope. Naphcare again does not provide specifics regarding why contracts with off-site providers are irrelevant to Sitton's claims. This Court has previously analyzed Naphcare's policies regarding off-site care as relevant to its costs because, "a policy of making healthcare decisions based on costs rather than on medical needs may amount to deliberate indifference to [a] detainees' rights." *Brown v. Clark Cty. Det. Ctr.*, No. 2:15-cv-01670-APG-NJK, 2018 U.S. Dist. LEXIS 48753, at 20 (D. Nev. Mar. 23, 2018), citing to *Peralta v. Dillard*, 744 F.3d 1076, 1084 (9th Cir. 2014). Sitton's request for contracts and agreements is not frivolous, is potentially relevant to his municipal liability claims, is proportional, and is limited in time and scope. Naphcare's refusal to produce any of these documents was improper and its objections to Request No. 15 are overruled.

Sitton's Request No. 30 states:

REQUEST NO. 30:
The letter(s), e-mail(s), and or written complaint(s) and documents generated by any current or former Naphcare, Inc., employee which Naphcare, Inc. received, that in any manner purports to depict, describe, document, address, illustrate or in any manner discuss inadequate medical treatment or care of inmates at

7

CCDC between January 1, 2014 and January 1, 2017.

Naphcare's objection states:

> Objection. The Request seeks information that is not reasonably related to any claim or defense and there is no reason to go beyond the scope of discovery as defined in Fed.R.Civ.P. 26(b). The Request is also grossly overbroad and not properly limited as to scope and time. There are no claims in this matter for which "letter(s), e-mail(s), and or written complaint(s) and documents generated by any current or former Naphcare, Inc., employee which Naphcare, Inc. received, that in any manner purports to depict, describe, document, address, illustrate or in any manner discuss inadequate medical treatment or care of inmates at CCDC" could be considered relevant. See Screening Order dated August 30, 2017 [ECF No. 12]. Should Plaintiff properly limit the scope of the Request pursuant to Fed.R.Civ.P. 26(b) and 34, Defendant will supplement this Response accordingly.

Sitton's Request regarding whether healthcare workers have complained about Naphcare's policies is potentially relevant to Sitton's municipal liability claim. Regarding proportionality and frivolousness, the Court notes that Sitton's Request regarding any complaint of "inadequate medical treatment" is not proportional because it could encompass complaints regarding individual cases, or instances of potential medical malpractice, that have nothing to do with Naphcare's policies or procedures. The Court thus exercises its discretion and finds that Sitton's Request is not proportional to the needs of the case, and Naphcare's objections are sustained.

Sitton also requests documents related to Naphcare's new employee orientations for the same 2014-2017 time period. (Request No. 36). Naphcare objects that the request is vague and undecipherable. Pursuant to the Court's discretion, the Court finds that Sitton's Request No. 36 is not proportional to the needs of the case and the Court sustains Naphcare's objections to Request No. 36.

//

**D.     Request No. 37 and 38**

Sitton's Request No. 37 seeks, "[t]he index for all policies, procedures, manuals and documents generated by Naphcare, Inc., relating to the provision of medical care effective between January 1, 2014 and January 1, 2017." Naphcare objects on the basis that the request is overbroad, irrelevant, and not properly limited in scope and time. The Court finds that Naphcare's objection is boilerplate and an index of Naphcare's policies and procedures related to medical care during the 2014-2017 time period is relevant to Sitton's municipal liability claim.  Naphcare must produce documents responsive to Request No. 37.

Sitton's Request No. 38 seeks, "[t]he Records Retention Policy(s) for Naphcare, Inc., effective between January 1, 2014 and January 1, 2017." Naphcare objects that this request is overbroad, irrelevant, and goes beyond the scope of discovery. The Court finds that the records retention policy is potentially relevant because it may inform Sitton's review of the discovery documents he receives from Naphcare. The Court finds that Naphcare must produce documents in response to Request No. 38.

### 2. Financial Records

Request Nos. 6, 7, 17, 19, 20, 21, 22, 23, and 24 seek documents relating to Naphcare's financial records. While the Court believes that documents regarding Naphcare's profits are discoverable and likely relevant to Sitton's municipal liability claim, the Court reviews each of the Requests below individually.

Sitton's Request No. 6 seeks "summaries" of records related to Naphcare's profits generated as a "result of the Contract and or Agreement between Naphcare, Inc. and LVMPD[.]" Sitton's Request No. 7 similarly asks for documents related to Naphcare's profit from its contract with the LVMPD.

Naphcare responds that there is no contract between Naphcare and LVMPD, and that the Requests are irrelevant, overbroad, and beyond the scope. Given that there is no contract between Naphcare and LVMPD, the Court finds that Naphcare has met its burden for Nos. 6 and 7 and need not

respond to Request Nos. 6 and 7.

Sitton's Request No. 17 states:

> REQUEST NO. 17:
> All studies, reports, statistics, analysis, projections and or equivalent records relating to risk assessments and or costs benefits prepared by any Naphcare, Inc. employee, agent, contractor or subcontractor, or any other person, agent or entity working with for or on behalf of Naphcare, Inc., including any insurance adjuster, agent or employee, that addresses, discusses, mentions or in any manner purports to be subject matter relating to, limiting the scope, nature and extent of medical care available, offered, administered and or provided to inmates utilized by Naphcare, Inc., between January 1, 2014 and January 1, 2017.

Naphcare responds that the request is vague and ambiguous, irrelevant, and beyond the scope. The Court agrees that Request No. 17 is vague and ambiguous. Naphcare has met its burden regarding its objection to Request No. 17.

Sitton's Request No. 19 states:

> REQUEST NO. 19:
>
> The January 2014-2015 annual, semi annual, quarterly and or biquarterly financial statements or reports generated by Naphcare, Inc, depicting all net and gross profits, wages, revenue, earnings or interest earned for services rendered at CCDC regarding the provision of medical care.

Sitton's Request Nos. 20, 21, 22, and 24 similarly seek financial reports related to Naphcare's profits for treating inmates in the 2014-2017 time period. Naphcare responds that Request Nos. 19, 20, 21, 22, and 24 are irrelevant to Sitton's claims and goes beyond the scope. The Court finds that Request Nos. 19, 20, 21, 22, and 24 relating to Naphcare's profits are relevant to Sitton's municipal liability claim. The limit of statements from January 1, 2014 through January 1, 2017 is proportional and an appropriate time period to show whether there is a pattern. Naphcare must respond to Request Nos. 19, 20, 21, 22, and 24.

Sitton's Request No. 23 seeks accounting and financial records for the 2014-2017 time period that depicts an itemized log of its costs for services to inmates, such as for dental care and eye care, among others listed. Naphcare objects based on relevancy, overbroad, scope, and potential HIPAA concerns. The Court finds that Sitton's Request No. 23 is not proportional to the needs of the case, given that he will be able to review profit records that Naphcare produces in response to Request Nos. 19, 20, 21, 22, and 24.

### 3. Naphcare Employees

Request Nos. 25, 28, and 31 seek documents related to Naphcare employees.

Sitton's Request No. 25 seeks the names of all Naphcare's employees and on-site healthcare workers from the 2014 to 2017 time period. In Request No. 31, Sitton requests the job description statements for Naphcare employees and healthcare workers. Naphcare objects that the Requests are overbroad, irrelevant, and beyond the scope. Naphcare also notes that it sent Sitton a witness list as part of its initial disclosures. The Court finds that producing the names of all Naphcare employees and their job descriptions are not proportional to the needs of the case. Sitton's Request Nos. 25 and 31 are overbroad.

Sitton's Request No. 28 seeks the letter of resignation or termination of Dr. Zinser, one of the doctors that Sitton references in his complaint. (ECF No. 12 at 16). Naphcare, again, asserts a boilerplate objection that Request No. 28 is not relevant, overbroad, and beyond the scope. The Court finds that a letter of resignation or termination of Dr. Zinser, a named doctor in the complaint, is not a frivolous request, likely relevant to Sitton's municipal liability claim and proportional to the needs of the case. Naphcare improperly objected to Request No. 28. Naphcare must produce documents responsive to Request No. 28.

//

### 4. Documents Naphcare Produced

Request Nos. 11, 14, 33, 34, 35, 39, 40, and 41 seek documents that Naphcare alleges it already produced. Sitton states in his reply that Naphcare produced its initial disclosures after he filed his motion to compel, and he agrees that most of the documents he sought through these Requests were produced. (ECF No. 157 at 10). Sitton contends that Naphcare has not produced his entire medical file in response to Request No. 14. Naphcare objected to producing his medical file prior to 2015. The Court finds that Naphcare must produce Sitton's 2014 medical file because it may be relevant to show a pattern. The parties appear to otherwise agree that Naphcare has now responded to Request Nos. 11, 33, 34, 35, 39, 40, and 41. Naphcare has responded to Request No. 14 in part and will supplement Request No. 14 in accordance with this Order.

### 5. Documents Naphcare Alleges are Irrelevant

Request Nos. 12 and 13 seek documents that Naphcare alleges are irrelevant. These two Requests seek documents related to other lawsuits filed against Naphcare. Naphcare objects based on relevance, overbroad, and scope. The Court finds that these two Requests are not proportional to the needs of the case. Information regarding other lawsuits against Naphcare is a matter of public record, Sitton is free to find information related to other lawsuits that may lead to discoverable information. The Court finds that because information regarding other lawsuits is not proportional to the needs of the case, Naphcare need not produce documents related to its other lawsuits.

### c. Motion to Compel (ECF No. 159)

Sitton served defendants Captain Herbert Baker, Corrections Sergeants Franc Cadet, Trevor Neville, and Andrew Saavedra, Corrections Officers Kelly Camp, Marquis Hines, Gregory Mashore, Manuel Gardea, Samuel Mendoza, Theodores Snowden, and John Storey ("LVMPD Defendants") with Requests for Production of Documents and the LVMPD Defendants served responses. (ECF No. 159 at 2). The Court dismissed several of Sitton's original claims (ECF Nos. 114 and 133); Sitton has three claims currently pending against the LVMPD Defendants for (Count 1) Due Process Violations,

Excessive Force and Conditions of Confinement against Corrections Officers Neville, Baker, Camp, Mowrey, Mashore, Gardea, Cadet, Saavedra, Sands and Dumer; (Count 5) Mail Violations against Corrections Officer Storey; and (Count 7) excessive force against Corrections Officer Hines and Snowden.

The LVMPD defendants claim that these three claims are pending against them in their individual capacity only. Sitton's complaint states that his claims against the LVMPD defendants are against them in both their individual capacity and their official capacity. (ECF No. 13 at 9-11). LVMPD also alleges that the policies are proprietary, and the police files are private. The Court notes that the LVMPD defendants did not seek a protective order but they claim that a protective order would be ineffective because Sitton is self-represented and incarcerated.

Sitton argues in his motion to compel that the LVMPD defendants have improperly withheld documents in response to multiple Requests. The Requests fall into two categories: (1) Requests that pertain to CCDC policy, procedure, or private files (Nos. 5, 6, 7, 8, and 16); and (2) Requests that the LVMPD Defendants argue are vague or seek evidence that does not exist (Nos. 9 and 15).

**1. Request Nos. 5, 6, 7, 8, and 16**

Sitton's Request Nos. 5, 6, 7, 8, and 16 seek copies of CCDC and LVMPD policies and/or police files.

Federal Rule of Civil Procedure 26(c) provides that a court may limit discovery to protect from annoyance, embarrassment, oppression, or undue burden of expense. Federal common law recognizes a qualified privilege for official information. *Kerr v. United States Dist. Ct. for N.D. Cal.*, 511 F.2d 192, 198 (9th Cir. 1975), aff'd, 426 U.S. 394, 96 S. Ct. 2119, 48 L. Ed. 2d 725 (1976). This Court has found that, "[g]overnment personnel files are considered official information." *Smith v. Casey*, No. 2:06-cv-01188-BES-GWF, 2008 U.S. Dist. LEXIS 48542, at 29 (D. Nev. June 24, 2008), citing to *Zaustinsky v. University of Cal.*, 96 F.R.D. 622, 625 (N.D. Cal. 1983), aff'd 782 F.2d 1055 (9th Cir. 195). Federal

Courts "ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests." *Breed v. United States Dist. Ct. For Northern District*, 542 F.2d 1114. 1116 (9th Cir. 1976).

The Court finds that the CCDC and LVMPD policies, and information from the officer's personnel files, are likely relevant to Sitton's claims. Plaintiff is unrepresented and incarcerated: these facts alone do not mean that Sitton is not entitled to discovery that appears to be relevant to his 1983 claims. The Court is persuaded that because there is no confidentiality agreement or protective order in place, production of CCDC policy and procedure information without a protective order may prejudice the LVMPD Defendants' ability to run a safe and secure facility. The Court cannot make a finding that the discovery is in fact proprietary given that no one has reviewed it except the LVMPD Defendants. To balance the interests of the parties, the Court will refer this issue to the Court's pro bono program and seek an attorney to represent Sitton for the limited purpose of representing Sitton in the discovery dispute regarding Sitton's Request Nos. 5, 6, 7, 8, and 16 and working with the LVMPD Defendants to craft a protective order, if needed. The LVMPD Defendant's obligation to produce documents in response to Request Nos. 5, 6, 7, 8, and 16 is stayed pending further order of the Court.

### 2.  Request Nos. 9 and 15

Sitton's Request No. 9 seeks work orders pertaining to his in-cell water and air temperature between the dates of May 1, 2015 through August 31, 2015. He argues that the work orders will show that he suffered from cold water in the shower and cold air through the ventilation system. The LVMPD Defendants claim that his Request is vague and ambiguous; they also claim that work orders regarding his in-cell water temperatures are irrelevant because Sitton does not have a shower in his cell.

While any work orders on the ventilation system may ultimately be inadmissible as a subsequent remedial measure, Sitton's request for work orders on the ventilation system attached to his cell is not vague, is relevant to his claims, and his limit to the dates May 1, 2015 and August 31, 2015 shows that

the request is proportional to the needs of the case. The Court agrees that work orders related to Sitton's in cell water temperature is irrelevant and vague. The LVMPD Defendants must produce any work orders on the ventilation system attached to his cell limited to the dates May 1, 2015 through August 31, 2015.

Sitton's Request No. 15 is a request for video footage of an incident that Sitton alleges took place on August 15, 2015 between himself and Defendant Gardea. The LVMPD Defendants state that the video footage does not exist. The LVMPD Defendants cannot produce something that does not exist. Sitton's request to compel production of the footage is thus denied.

### d. Motion to Compel (ECF No. 172)

Sitton asks the Court to compel the LVMPD Defendants to respond to his Request Nos. 25-38. (ECF No. 172 at 2). Sitton asks the Court to appoint him counsel in the alternative. (*Id*.) Sitton notes that the LVMPD Defendants did not respond to his letter to resolve the discovery dispute. (*Id*.). The LVMPD Defendants state that it never received Sitton's meet-and-confer letter, but they argue that the letter that he attached to his motion to compel does not provide enough detail and would not have helped them resolve the dispute. (ECF No. 174 at 7). The LVMPD Defendants argue that all the Requests in dispute (Request Nos. 25-38) are either irrelevant or seek proprietary or private information. The LVMPD Defendants also argue that Sitton's motion to compel was untimely.

The Court recently entered an order extending all discovery deadlines (ECF No. 183), thus the Court declines to penalize Sitton for filing his motion late at this time. The Court also finds that the parties did not conduct a meaningful meet-and-confer, but this appears to be of no fault to either of the parties given the circumstances.

Sitton's Requests seek documents regarding any internal investigations of the officers or records related to the incidents (Request Nos. 25, 27, 36); personnel files or discipline reports of the officers involved in the alleged incidents (Request Nos. 26, 34, 35, 38); written communications between the

officers involved in the alleged incidents (Request Nos. 27, 28, 29); LVMPD's policies (Request Nos. 30, 37); videos and documents related to videos from CCDC (Request Nos. 31, 32, 33).

The Court finds that the documents that Sitton seeks are likely relevant, but it appears that the LVMPD Defendants have legitimate concerns regarding the potential proprietary information contained in the documents Sitton seeks. The Court does not find that the documents are proprietary because it has not reviewed the documents but finds that the objections may have merit. The Court will seek pro bono counsel to represent Sitton, in a limited appearance, regarding Request Nos. 25-38. The pro bono counsel will work with the LVMPD Defendants to craft a protective order, if needed. Since the Court will seek pro bono counsel to make a limited appearance for Sitton, the Court denies Sitton's motion in the alternative for an appointment of counsel as moot.

ACCORDINGLY,

IT IS ORDERED that plaintiff's motions to compel (ECF Nos. 149, 159, and 172) are GRANTED IN PART.

IT IS FURTHER ORDERED that defendant Naphcare's objections to Request Nos. 6, 7, 10-13, 17, 23, 25, 30-36, and 39-41 are SUSTAINED.

IT IS FURTHER ORDERED that defendant Naphcare's objections to Request Nos. 5, 8, 9, 14-16, 19-22, 24, 28, 29, 37, and 38 are OVERRULED. Naphcare must produce documents responsive to these requests by Wednesday, May 20, 2020.

IT IS FURTHER ORDERED that the LVMPD Defendant's objections to Request Nos. 9 are OVERRULED IN PART: the LVMPD Defendants must produce any work orders pertaining to Sitton's in-cell ventilation system (between the dates of May 1, 2015 through August 31, 2015), by Wednesday, May 20, 2020.

IT IS FURTHER ORDERED that the LVMPD Defendant's objections to Request No. 15 is SUSTAINED.

IT IS FURTHER ORDERED that the LVMPD Defendant's objections to Request Nos. 5-8, 16, and 25-38 are STAYED pending further order of the Court. The Court will issue a separate order regarding its referral to the pro bono program.

IT IS FURTHER ORDERED that Sitton's motion in the alternative for an appointment of counsel (ECF No. 172) is DENIED as moot.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

IT IS SO ORDERED.

DATED this 20th day of April 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE