1

2

3

4          UNITED STATES DISTRICT COURT

5              DISTRICT OF NEVADA

6                    * * *

7    WILL SITTON,                          Case No. 2:17-CV-111 JCM (VCF)

8                          Plaintiff(s),              ORDER

9          v.

10   LVMPD, et al.,

11                        Defendant(s).

12

13         Presently before the court is defendant Naphcare, Inc.'s ("Naphcare") partial objection,

14   (ECF No. 188), to the magistrate judge's order granting in part plaintiff's motion to compel, (ECF

15   No. 185). ("Naphcare").   (ECF No. 168).   Plaintiff Will Sitton responded.   (ECF No. 191).

16   Naphcare supplemented its objection, (ECF No. 189), and plaintiff responded, (ECF No. 192).

17         Also before the court is Naphcare's motion for leave to file reply in the aforementioned

18   objection.  (ECF No. 193).  Plaintiff responded, (ECF No. 195), to which Naphcare replied, (ECF

19   No. 199).

20         Also before the court is plaintiff's motion for order to show cause and sanctions in regards

21   to the ongoing discovery dispute.  (ECF No. 197).  Naphcare responded, (ECF No. 205), to which

22   plaintiff replied, (ECF No. 212).

23         Also before the court is Naphcare's motion to strike, (ECF No. 201), plaintiff's response

24   to Naphcare's motion for leave to file reply, (ECF No. 1935).  Plaintiff responded. (ECF No. 204).

25   **I.       Background**

26         Plaintiff is an incarcerated *pro se* plaintiff, alleging violations of his constitutional rights.

27   The instant motions arise from a discovery dispute between the parties.

28

**James C. Mahan**
**U.S. District Judge**

On July 22, 2019, plaintiff served defendant Naphcare with requests for the production of documents.  (ECF No. 149).  Relevant here, plaintiff seeks the production of "Naphcare's training materials, policies, procedures, memoranda, and other documents 'relating to the provision of inmate medical care'" and documents pertaining to "Naphcare's detailed financial records."  (ECF No. 185).

On April 20, 2020, the magistrate judge entered an order granting in part plaintiff's motions to compel.  (ECF No. 185).  Specifically, Naphcare was ordered to comply, in full, with plaintiff's requests for production numbers 5, 8, 9, 16, 19, 20, 21, 22, 24, and 29.  (*Id.*).

## II.     Legal Standard

Per Local Rule IB 3-1(a), a magistrate judge's decision on a non-dispositive motion may be reversed only if it is clearly erroneous or contrary to law.  *Grand Canyon Skywalk Dev., LLC v. Cieslak*, No. 2:13-CV-596-JAD-GWF, 2015 WL 1805055, at *2 (D. Nev. Apr. 20, 2015).  Review for "clear error" is deferential and will only overturn a magistrate judge's order if, upon review, this court is left with "a definite and firm conviction that a mistake has been made."  *David H. Tedder & Associates, Inc. v. United States*, 77 F.3d 1166, 1169-70 (9th Cir. 1996).

## III.    Discussion

As an initial matter, the court has the inherent ability to control its docket.  *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010).  Thus, the court can consider the filings before the court to the extent they are helpful—and, to the extent they are not, the court may disregard them—when adjudicating the substantive motions in this case.  The court finds that the preference for merit-based dispositions warrants denying Naphcare's motion to strike, (ECF No. 201), and granting Naphcare's motion for leave to file reply, (ECF No. 193).  *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam); *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

This court also denies plaintiff's motion for an order to show cause and sanctions against Naphcare.  (ECF No. 197).  Naphcare has sufficiently demonstrated that sanctions are unwarranted, (ECF No. 205), and this court finds no evidence of bad faith.  *See Yeti by Molly, Ltd.*

James C. Mahan
U.S. District Judge

- 2 -

1  *v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (District courts have "particularly

2  wide latitude to the district court's discretion to issue sanctions.").

3        Defendants argue that the magistrate judge erred in finding that plaintiff's requests were

4  not overly broad, burdensome, and disproportionate to the needs of the case. (ECF No. 188). The

5  underlying complaint's claims against Naphcare are premised on two alleged policies: (1) its

6  medical co-pay policy; and (2) a policy to deny medical treatment until inmates were released from

7  CCDC. (ECF No. 13). Defendants argue that plaintiff's discovery requests are not limited to those

8  needed "to prove such policies/procedures inflicted his claimed injury." (ECF No. 188). This

9  court disagrees.

10        As to plaintiff's "inmate medical care"-related requests, this court finds that the magistrate

11  judge did not err in his decision. No mistakes are apparent in the order. (ECF No. 185). While

12  plaintiff's requests are broad on their face, plaintiff's supplemental definitions appropriately

13  narrow these requests. (ECF No. 153). Critically, "[n]o requests should be interpreted as seeking

14  information related to another inmate or other privileged and confidential material, including

15  attorney client material, . . . [and] [n]o request should be interpreted as seeking information related

16  to the individual and or personal affairs or activities of any person employed by Naphcare outside

17  of their employment with Naphcare." (*Id.*).

18        This court also finds that the magistrate judge did not err in its decision on plaintiff's

19  finance-related requests. The detailed order appropriately lays out how these requests may move

20  forward. (ECF No. 185). Upon reviewing the record, this court is left with "a definite and firm

21  conviction" that no mistakes were made. *Tedder*, 77 F.3d at 1169-70. The financial documents

22  as compelled by this court are relevant and proportional to plaintiff's claims. (ECF No. 185).

23        The court may now proceed to weigh in on questions regarding the need for a protective

24  order on certain discoverable documents and a possible need for additional time on plaintiff's

25  response to defendants' motions for summary judgment. (ECF No. 198).

26  . . .

27  . . .

28  . . .

**James C. Mahan**
**U.S. District Judge**

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff Will Sitton's motion for order to show cause and sanctions (ECF No. 197) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant Naphcare, Inc.'s motion to strike (ECF No. 201) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant Naphcare, Inc.'s motion for leave to file reply (ECF No. 193) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant Naphcare, Inc.'s partial objection, (ECF No. 188), to the magistrate judge's order granting in part plaintiff's motion to compel, be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Judge Ferenbach's order (ECF No. 185) be, and the same hereby is, AFFIRMED.

DATED July 10, 2020.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 4 -