# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

## ***

|  |  |
|---|---|
| WILL SITTON,<br><br>              Plaintiff,<br><br>vs.<br><br>LVMPD, *et al.*,<br><br>              Defendants. | Case No. 2:17-cv-00111-JCM-VCF<br><br>**ORDER**<br><br>Motion for Protective Order [ECF No. 198];<br>Motion to Stay Discovery [ECF No. 200] |

Before the Court are defendant NaphCare Inc.'s motion for a protective order (ECF No. 198) and motion to stay discovery pending resolution of the protective order (ECF No. 200). The Court grants the motion for a protective order in part and denies the motion to stay discovery as moot.

The Court also sua sponte lifts the stay it imposed on defendants Captain Herbert Baker, Corrections Sergeants Franc Cadet, Trevor Neville, and Andrew Saavedra, Corrections Officers Kelly Camp, Marquis Hines, Gregory Mashore, Manuel Gardea, Samuel Mendoza, Theodores Snowden, and John Storey's ("LVMPD Defendants") obligation to produce documents responsive to Plaintiff William Sitton's Requests for Productions Nos. 5-8, 16, and 25-38 (ECF No. 185[1]). The Court will issue a separate protective order that will apply to all parties.

The Court also sua sponte extends Sitton's time to respond to defendants' motion for summary judgment until 30-days after the close of discovery, per this Court's Order at ECF No. 213.

//

---

[1] If this order conflicts with the Court's prior order (ECF No. 185), this order controls as an amended order.

I.       **Background**

Plaintiff Will Sitton is a pro se plaintiff, he is currently incarcerated. Plaintiff brings claims pursuant to 42 U.S.C. Section 1983 against multiple defendants for violations of his constitutional rights. (ECF No. 13). The Court has extended the discovery deadlines multiple times in this case. The Court previously extended the discovery cutoff deadline to July 31, 2020 and plaintiff's deadline to respond to defendant's pending summary judgment motion to August 31, 2020 pursuant to Rule 56(d). (ECF No. 183). The defendants later submitted a joint motion for a discovery extension with an October 29, 2020 discovery cutoff date: The Court granted the defendants' motion. (ECF No. 207).

When the Court granted Sitton's motion to compel in part (ECF No. 185), the Court stayed the LVMPD Defendants' obligation to respond to Sitton's Request Nos. 5-8, 16 and 25-38 pending further order of the Court. (*Id.* at 17). The Court found that, "because there is no confidentiality agreement or protective order in place, production of CCDC policy and procedure information without a protective order may prejudice the LVMPD Defendants' ability to run a safe and secure facility." (*Id*. at 16). Despite the Court's order referring this case to the pro bono program, no attorney volunteered to be appointed for the limited purpose of assisting Sitton with discovery and assisting in crafting a stipulated protective order. (See ECF Nos. 185 and 186). The Court separately ordered that NaphCare's objections to Sitton's Request Nos. 5, 8, 9, 14- 16, 19-22, 24, 28, 29, 37, and 38 were overruled and ordered NaphCare to produce those documents. (ECF No. 185).

NaphCare argues in its motion for a protective order that like the LVMPD Defendants, its documents are also proprietary, and it requests that, "the same appointed counsel [for the LVMPD Defendants] also assist Plaintiff in negotiations regarding a Confidentiality Agreement for the NaphCare documents[.]" (ECF No. 198). NaphCare argues that it would be prejudiced if it turned over its

proprietary documents to Sitton because he will share them his "inmate legal assistant Travers Greene[2]" whom NaphCare contends helps other inmates with their legal cases against NaphCare. (*Id.* at 13). NaphCare argues in its motion to stay that discovery should be stayed until the Court decides the motion for a protective order. (ECF No. 200).

Sitton argues in his response that he needs Greene's assistance to help him understand the proprietary disclosures and to engage in motion practice because Greene assists him in writing his motions. (ECF No. 208 at 2). NaphCare argues in its reply that Sitton, as a pro se litigant, does not have a right to have his filings and discovery prepared by fellow inmates. (ECF No. 210 at 4).

In the Court's order affirming that the "finance-related requests…may move forward" the Court also noted that:

> The court may now proceed to weigh in on questions regarding the need for a protective order on certain discoverable documents and a possible need for additional time on plaintiff's response to defendants' motions for summary judgment.

(See ECF No. 213).

## II.    Discussion

"[P]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" FRCP 26(b)(1).  "[T]he scope of permissible discovery under Rule 26 is 'broad.'" *Republic of Ecuador v. Mackay*, 742 F.3d 860, 866 (9th Cir. 2014) (quoting *Shoen v. Shoen*,5 F.3d 1289, 1292 (9th Cir.1993)).  "Information within this scope of discovery need not be admissible in evidence to be discoverable." FRCP 26(b)(1).  "A party or any person from whom discovery is sought may move for a protective order in the court" and the court may, for good cause, issue an order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense."  FRCP 26(c). The party seeking protection bears the burden of showing

---

[2] Sitton also refers to Greene as Arthur Beraha and suggests that they are one in the same. The Court will refer to Greene as Sitton's legal assistant with the understanding that this Order refers to Greene, Beraha, or any other inmate/non-attorney that assists Sitton.

specific prejudice or harm will result if no protective order is granted. See *Beckman Indus., Inc., v. Int'l. Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). Rule 26(c) requires more than "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning." *Id*; see also *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003) (citing *San Jose Mercury News, Inc., v. District Court*, 187 F.3d 1096, 1102 (9th Cir. 1999) (holding that the party must make a particularized showing of good cause)).

"It is well-settled that the Court has the authority to shield proprietary information related to the ongoing operations of a business from public review." *United States EEOC v. ABM Indus.*, 1:07-cv-01428 LJO JLT, 2010 U.S. Dist. LEXIS 143570, at 17 (E.D. Cal. March 3, 2010). "Confidential business information has long been recognized as property." *Carpenter v. United States*, 484 U.S. 19, 26 (1987). "Confidential information acquired or compiled by a corporation in the course and conduct of its business is a species of property to which the corporation has the exclusive right and benefit, and which a court of equity will protect through the injunctive process or other appropriate remedy." *Id*. (citing 3 W. Fletcher, Cyclopedia of Law of Private Corporations § 857.1, p. 260 (rev. ed. 1986)).

Under its inherent power, a court may assess attorney's fees or other sanctions for the willful disobedience of a court order. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991). A court's inherent powers "are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. "[T]he law does not provide for the right to counsel in civil cases for pro se litigants." *Boyer v. Becerra*, No. 17-cv-06063-YGR, 2018 U.S. Dist. LEXIS 72470, at 19-20 (N.D. Cal. Apr. 30, 2018); citing to *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986) ("There is normally…no constitutional right to counsel in a civil case.")  Prisoners have a constitutional right of access to the courts. See *Bounds v. Smith*, 430 U.S. 817, 821, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977).  "Prison inmates do not possess the right to a particular prisoner's help in preparing their legal

materials, so long as prison officials make other assistance available." *Blaisdell v. Frappiea*, 729 F.3d 1237, 1244 (9th Cir. 2013).

The Court finds that NaphCare has met its burden of showing specific prejudice or harm will result if no protective order is granted. For example, NaphCare argues that its contracts reveal negotiation strategies and pricing terms that are subject to confidential agreements and it would suffer harm if competitors used the information to outbid NaphCare for future contracts. (ECF No. 198 at 8). No attorney has volunteered to represent Sitton pro bono for the limited purpose of helping Sitton with the discovery process and helping to craft a protective order. The Court thus grants NaphCare alternative request and the Court will issue a protective order, based in part on the proposed protective order it submitted to the Court, via a separate order. The Court denies NaphCare's motion to stay discovery pending resolution of the protective order as moot.

The Court also finds that the LVMPD defendants have met their burden of showing that specific prejudice or harm will result without a protective order. Since the Court lifts the stay on the LVMPD Defendants' obligation to produce the noted documents, the LVMPD Defendants will be parties to the forthcoming protective order, which will resolve the issues the confidentiality issues the defendants have identified.

Sitton is entitled to certain discovery in his civil case, but he is not entitled to legal representation or help with discovery from the individual he refers to as his legal assistant, fellow inmate Greene, or any other fellow inmate or non-attorney. Greene is not an attorney, not a party to this case, and will not be a party to the protective order. The Court warns Sitton that if he breaches any part of the the protective order, including but not limited to sharing documents protected by the protective order with non-parties, filing protected documents on the public record, or referring to protected information in motion practice on the public record without filing a motion to seal, the Court will sanction him, **which**

**may include case-dispositive sanctions, claim-terminating sanctions, or entry of judgment against him.**

Since the defendants sought a discovery extension and discovery is ongoing, per the Court's Order regarding Sitton's response to the pending summary judgment motion, the Court sua sponte orders that Sitton need not respond to the defendants' pending motion for summary judgment until the deadline for dispositive motions, which is currently Monday November 30, 2020.

ACCORDINGLY,

IT IS ORDERED that defendant NaphCare motion for a protective order (ECF No. 198) is GRANTED IN PART. The Court will issue a protective order via a separate order.

IT IS FURTHER ORDERED that NaphCare's motion to stay discovery (ECF No. 200) is DENIED as moot.

IT IS FURTHER ORDERED the stay on the Las Vegas Metropolitan Police Department Defendants' obligation to produce documents responsive to plaintiff William Sitton's Requests for Productions Nos. 5-8, 16, and 25-38 (ECF No. 185) is LIFTED. The Court will issue a separate protective order that will apply to all parties. The LVMPD Defendants must produce the documents responsive to Sitton's Request Nos. 5-8, 16, and 25-38, subject to the protective order, by Friday, October 16, 2020.

IT IS FURTHER ORDERED that the Court extends Sitton's time to respond to defendants' motion for summary judgment is Monday November 30, 2020.

**<u>NOTICE</u>**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified

time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file

objections within the specified time and (2) failure to properly address and brief the objectionable issues

waives the right to appeal the District Court's order and/or appeal factual issues from the order of the

District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch.

Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written

notification with the court of any change of address. The notification must include proof of service upon

each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel.

**Failure to comply with this rule may result in dismissal of the action.**

IT IS SO ORDERED.

DATED this 16th day of September 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE