# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

WILL SITTON,

        Plaintiff,

vs.

LVMPD, *et al*.,

        Defendants.

Case No. 2:17-cv-00111-JCM-VCF

**PROTECTIVE ORDER**

Discovery in this action may require certain parties and non-parties to disclose information and documents that may be confidential, proprietary, and sensitive. Defendants Captain Herbert Baker, Corrections Sergeants Franc Cadet, Trevor Neville, and Andrew Saavedra, Corrections Officers Kelly Camp, Marquis Hines, Gregory Mashore, Manuel Gardea, Samuel Mendoza, Theodores Snowden, and John Storey's ("LVMPD Defendants"), the Las Vegas Metropolitan Police Department ("LVMPD"), NaphCare, Inc. ("NaphCare"), and Plaintiff Will Sitton must proceed as follows:

    1.    Any party (defined as a party to this protective order, whether or not a party to the litigation) may designate all or any portion of a document, object, file, photograph, video, tangible thing, interrogatory answers, answers to requests for admissions, deposition testimony, or other material (the "Discovery Material") as "Confidential Information" following a good-faith determination that the information so designated is or may reveal trade secrets or matters which are confidential or proprietary under applicable law. A party shall designate Confidential Information by placing the legend "Confidential" on each page designated as Confidential Information, or securely affix the legend to the object or tangible thing. If any Discovery Material is disclosed in a form not appropriate for such

placing or affixing a legend, it shall be designated in writing by the producing party as Confidential Information at the time it is delivered to the receiving party. The receiving party shall treat copies, printouts, derivative data or manipulations of such material in accordance with any designations of Confidential Information as provided for herein. Nothing herein shall be construed to restrict any party's use of information that is possessed or known prior to disclosure by another party, or is public knowledge, or is independently developed or acquired outside of the production and exchange covered by this Confidentiality and Protective Order

2. The term "disclosure" shall include the dissemination, communication, publication or reproduction of any confidential material or the specific contents of the information contained therein, or the communication of any estimate or other information which facilitates the discovery of confidential information.

3. As used in this Protective Order, the term "qualified persons" means: (i) counsel of record for the parties to the litigation, including office associates, paralegals, and stenographic and clerical employees to whom disclosure is reasonably necessary; (ii) experts retained for the purpose of this litigation to whom disclosure is reasonably necessary and who reviewed and signed a stipulated agreement to be bound by this protective order; (iii) parties to this action; and (iv) court personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to this litigation.

4. Confidential information shall be and remain confidential and, except as allowed by this Protective Order, may not be disclosed, or communicated, nor used for any purpose other than this litigation and any subsequent appeals.

5. Any and all documents containing confidential information must be retained by counsel or the party, and not be disclosed or made available to any person other than a qualified person who has read and acknowledged the terms of this Protective Order. Similarly, the Confidential Information

contained within those documents may not be disclosed to any person other than a qualified person. **To the extent reasonably necessary, copies of confidential documents may be provided to experts retained for the purpose of this litigation to whom disclosure is reasonably necessary and has executed a sworn declaration, in a form approved by all the parties, agreeing to be bound by this Protective Order.  A party must not make any disclosures to an expert unless (1) such expert is first disclosed to the other parties and (2) the other parties affirmatively agree in writing that they approve of the expert becoming a party bound by this Protective Order. No party may designate any incarcerated person, or inmate, as an expert on any topic in this litigation.** Nothing in this Protective Order shall in any way affect the admissibility or use at trial of any of the documents produced under this Protective Order.

6. Any person who is in possession of Confidential Information, or to whom Confidential Information is disclosed, is responsible for ensuring that such Confidential Information is not inadvertently disclosed by him or her. Failure to take all reasonable precautions to ensure against such inadvertent disclosure will be a breach of this Protective Order.

7. Counsel or parties receiving Confidential Information may not disclose that Confidential Information to any expert without first furnishing to that expert a copy of this Protective Order and obtaining a signed declaration, in a form approved by all the parties, to be bound by this Protective Order from that expert.

8. Any person who executes a sworn declaration to be bound by this Protective Order submits to the jurisdiction of this Court for purposes of enforcement of this Protective Order, either prior to or following trial of this action. Jurisdiction of this action is to be retained by this Court after final determination for purposes of enabling any party or persons affected by this Protective Order to apply to the Court for such direction or further decree as may be appropriate for the construction or enforcement of this Protective Order, or for such additional relief as may become appropriate.

9. If any party affected by this Protective Order objects to the designation by the disclosing party of a document or item, pleading, or transcript of testimony as "CONFIDENTIAL," the objecting party shall give written notice of its objection to the disclosing party and shall identify the document, pleading, and/or testimony at issue and the reason for the objection. The disclosing party shall thereafter have twenty (20) business days within which to apply to the Court for appropriate protection of the document, pleading, and/or testimony pursuant to the Federal Rules of Civil Procedure. If the disclosing party does not make application within twenty (20) business days after receipt of the written objection (or within the stipulated time period if stipulated to be longer or shorter than twenty (20) days), then the documents, pleadings, and/or testimony at issue shall no longer be deemed "CONFIDENTIAL." However, until expiration of the twenty (20) day time period (longer or shorter if stipulated) or until the Court enters an order changing the designation, whichever is later, the information shall continue to be given the "CONFIDENTIAL" treatment initially assigned to it and provided for in this Order. If any individual is making copies of any Confidential Information allowed by this Protective Order, said individual must ensure that the copies are also marked "Confidential."

10. Nothing in this Protective Order precludes the deposition examination of any person regarding Confidential Information of which they have knowledge. In any such deposition, the disclosing party may designate specific testimony deemed to be "CONFIDENTIAL" by advising the court reporter of such fact prior to the conclusion of the deposition. The report shall mark the face of the transcript "CONTAINS CONFIDENTIAL INFORMATION." All transcripts of said deposition containing Confidential Information will be treated in accordance with this Protective Order.

11. Only qualified persons as defined in Paragraph 3 above may attend deposition examinations in this case unless all parties or their counsel agree otherwise. The parties taking any deposition shall retain a court reporter who agrees that before transcribing any such testimony, that all testimony containing Confidential Information is and shall remain confidential and shall not be

disclosed except as provided in this Protective Order and that copies of any transcript, reporter's notes, or any other transcription records of any such testimony will be retained in absolute confidentiality and safekeeping by such shorthand reporter or delivered to attorneys of record.

12. If during trial any party intends to introduce into evidence any information designated as "CONFIDENTIAL," he/she shall give timely notice of that intention to the Court, all counsel, and any disclosing party, and the Court may take such steps as it shall deem reasonably necessary to preserve the confidentiality of such information, without violating any statute or other rule of the Court.

13. Nothing in this Protective Order requires a party to disclose Confidential Information that the party also contends is protected from disclosure based upon a privilege (including but not limited to HIPAA rights of others) or for some reason other than the mere confidential or proprietary nature of the document or information (including but not limited to non-discoverable trade secrets).

14. Upon the final determination of this action, including any appeals, counsel and all qualified persons shall return any Confidential Information (or copies thereof) to the disclosing party upon request of the disclosing party. Transcripts containing Confidential Information also must be returned to the disclosing party upon the disclosing party's request.

15. Anyone found to be in violation of this Protective Order may have sanctions imposed against him or her as the Court determines is appropriate. **Unauthorized use and/or disclosure of Confidential Information, or any breach of this Protective Order, may subject the offending party to sanctions, including but not limited to, case-dispositive sanctions, claim-terminating sanctions, or entry of judgment against the offending party.**

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal

may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

    IT IS SO ORDERED.

    DATED this 16th day of September 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE