UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

WILL SITTON,

        Plaintiff,

vs.

LVMPD, *et al.*,

        Defendants.

Case No. 2:17-cv-00111-JCM-VCF

**<u>ORDER</u>**

Motion to Take Plaintiff Sitton's Deposition [ECF No. 214]; Motion for Protective Order [ECF No. 225]

    Before the Court are defendant NaphCare Inc.'s motion to take Will Sitton's deposition (ECF No. 214) and plaintiff's emergency motion for a protective order (ECF No. 225). The Court grants defendant's motion to take Sitton's deposition and the motion for a protective order in part. (ECF Nos. 214 and 227).

**I.    Background**

    Plaintiff Will Sitton is a pro se plaintiff, he is currently incarcerated. Plaintiff filed this case on January 10, 2017, and after the screening process, the defendants started filing their responses to his amended complaint in November 2017. (ECF Nos. 1 and 21). Plaintiff brings claims pursuant to 42 U.S.C. Section 1983 against multiple defendants for violations of his constitutional rights. (ECF No. 13). This case Court has extended the discovery deadlines multiple times in this case. The Court granted the defendants' last motion for a discovery extension with an October 29, 2020 discovery cutoff date. (ECF No. 207).

    Naphcare argues in its motion for leave to take Sitton's deposition that a videotaped deposition is necessary for the preparation of their defense. (ECF No. 214 at 2). Sitton argues in his response that he

1  does not oppose being deposed, but that he would like appointed counsel to conduct cross-examination
2  and that he wants Naphcare to pay all costs associated with the deposition. (ECF No. 217). In Sitton's
3  separate motion for a protective order regarding the deposition, he argues that the defendants want to
4  take his deposition in two sessions, which he opposes. (ECF No. 225 at 2). Sitton also argues, among
5  other requests, that the defendants should be precluded from asking him questions about his criminal
6  record for the past ten years, that he be allowed to appear on video in normal clothes and without
7  restraints, that he be allowed to take restroom breaks, and that any prison personnel within the
8  conference room remain six feet away from him and obey all COVID-19 protocols. (*Id.* at 7).

9  Defendants argue in their reply to the motion to take the deposition that plaintiff is pro se and is
10 not entitled to counsel for the deposition. (ECF No. 220 at 6). Defendants also state that they will pay
11 the costs of the deposition. (*Id.*) Defendants argue in their response to plaintiff's motion for a protective
12 order that they must split his deposition into two days because the detention facility will not permit them
13 to hold a seven hour deposition because it would interfere with plaintiff's meal schedule. (ECF No. 229
14 at 6). The defendants argue in their response that they agree not to take a video-deposition as a showing
15 of good faith given plaintiff's concerns about appearing in restraints and in his prison uniform, that the
16 deposition will take place via video-conference but the defendants will only record the audio. (*Id.* at 6).
17 The defendants also note that they do not object to any of plaintiff's COVID-19 related concerns and
18 that he may request breaks during the deposition. (*Id.*). The defendants argue that plaintiff's list of
19 concerns about questions can be addressed as objections on the record, and that there is no need to limit
20 the questions they can ask him at this time. (*Id.* at 229).

21 **II.  Discussion**

22 "[P]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's
23 claim or defense and proportional to the needs of the case[.]" FRCP 26(b)(1).  "[T]he scope of
24 permissible discovery under Rule 26 is 'broad.'" *Republic of Ecuador v. Mackay*, 742 F.3d 860, 866

(9th Cir. 2014) (quoting *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir.1993)). "Information within this scope of discovery need not be admissible in evidence to be discoverable." FRCP 26(b)(1). Pursuant to FRCP 30(a)(2)(B), the deposition of a person confined in prison may only be taken by leave of Court.

"A party or any person from whom discovery is sought may move for a protective order in the court" and the court may, for good cause, issue an order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." FRCP 26(c). The party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted. See *Beckman Indus., Inc., v. Int'l. Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). Rule 26(c) requires more than "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning." *Id*; see also *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003) (citing *San Jose Mercury News, Inc., v. District Court*, 187 F.3d 1096, 1102 (9th Cir. 1999) (holding that the party must make a particularized showing of good cause)).

The Court grants defendants' motion for leave to take Sitton's deposition and Sitton's motion for a protective order in part. The Court finds that holding the deposition over a period of two days will not prejudice Sitton because he can take breaks when needed and the CCDC will implement COVID-19 protocols, such as remaining socially distanced from Sitton during the deposition and following other COVID-19 protocols implemented by the prison.

The Court cannot appoint Sitton pro bono counsel to represent him at the deposition. Regarding Sitton's objections regarding questions, the defendants can ask questions that are relevant to any claims or defenses. Two of Sitton's concerns are important and must be addressed: his concerns about his criminal record and attorney-client privilege in his criminal cases. The Court orders the defendants to include in their instructions to Sitton during the deposition that he may refuse to answer a question if it implicates his Fifth Amendment right against self-incrimination or if it would reveal privileged conversations or advice Sitton received from his attorney(s) in his criminal cases. Sitton may object to

questions during the deposition, but per FRCP 30(c), the examination on the objected to question will proceed if his objection is not made pursuant to his Fifth Amendment right or attorney-client privilege. The Court also orders the defendants to provide Sitton a copy of this order[1] prior to the deposition.

ACCORDINGLY,

IT IS ORDERED that defendant NaphCare Inc.'s motion to take Will Sitton's deposition (ECF No. 214) is GRANTED IN PART: NaphCare's two-part deposition will proceed as detailed in this Order.

IT IS FURTHER ORDERED that plaintiff's emergency motion for a protective order (ECF No. 225) is GRANTED IN PART as detailed in this Order.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written

---

[1] The Court is aware that the defendants may take Sitton's deposition before he receives a copy of this Order in the mail. The defendants can comply with this Order by either (1) providing Sitton a paper copy of the deposition that he may read prior to the deposition; (2) allowing Sitton to read the Order via the video conference software; or (3) read Sitton the Order on the record prior to the deposition.

notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

    IT IS SO ORDERED.

    DATED this 22nd day of October 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE