UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WILL SITTON,<br><br>                        Plaintiff(s),<br><br>     v.<br><br>LVMPD, et al.,<br><br>                        Defendant(s). | Case No. 2:17-CV-111 JCM (VCF)<br><br>ORDER |

Presently before the court is plaintiff Will Sitton's partial objection, (ECF No. 218), to the magistrate judge's order, (ECF No. 218). The defendants responded. (ECF No. 222, 224).

Also before the court is defendant Naphcare's motion for clarification. (ECF No. 219). Plaintiff responded, (ECF No. 221), to which Naphcare replied, (ECF No. 223).

Per Local Rule IB 3-1(a), a magistrate judge's decision on a non-dispositive motion may be reversed only if it is clearly erroneous or contrary to law. *Grand Canyon Skywalk Dev., LLC v. Cieslak*, No. 2:13-CV-596-JAD-GWF, 2015 WL 1805055, at *2 (D. Nev. Apr. 20, 2015). Review for "clear error" is deferential and will only overturn a magistrate judge's order if, upon review, this court is left with "a definite and firm conviction that a mistake has been made." *David H. Tedder & Associates, Inc. v. United States*, 77 F.3d 1166, 1169-70 (9th Cir. 1996).

Plaintiff argues that the magistrate judge erred in disallowing plaintiff's legal assistants, who are fellow inmates and not parties to this action, from reviewing any material disclosed pursuant to the court's order to compel. (ECF No. 218).

This court denies plaintiff's motion. (*Id.*). The magistrate judge's order contains no clear error. (ECF No. 215). Indeed, plaintiff is not entitled to assistance in reviewing these documents, having been found to potentially contain confidential, privileged, and proprietary information.

**James C. Mahan**
**U.S. District Judge**

Although plaintiff "is entitled to certain discovery in his civil case, . . . he is not entitled to legal representation or help with discovery from the individual he refers to as his legal assistant, fellow inmate Greene, or any other fellow inmate or non-attorney." (*Id.*). As one such legal assistant has admitted, he is not "bound by professional ethics involving attorneys." (ECF No. 218 (He instead voluntarily adheres to "ethics as part of [his] paralegal training.")). Plaintiff's points of authority also fail to expose any error in the magistrate judge's conclusion. (ECF No. 218). Giving plaintiff's pro se filing a benefit of the doubt, this court has reviewed the magistrate judge's order in its entirety for clear error in fact or law. (ECF No. 215). This court finds none.

This court now turns to Naphcare's request that this court clarify "that the issues that survived NaphCare's Motion to Dismiss include only the allegations as set forth in the kites he included with his Complaint." (ECF No. 219). Naphcare's order is hereby granted. Its interpretation of this court's prior order as to discovery is consistent with the plain language of that order and this court's intent. (ECF No. 114 ("NaphCare notes that ten of the 22 forms were filed more than two years prior to plaintiff's initiation of the instant lawsuit. Therefore, plaintiff cannot pursue a cause of action based on these requests due to the two-year statute of limitations.")).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff Will Sitton's partial objection, (ECF No. 218) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Naphcare's motion for clarification (ECF No. 219) be, and the same hereby is, GRANTED.

DATED December 21, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**